106   420
d126  153

[No. 19444.   Department Two.—March 14, 1895.]

# J. L. HOLLEY, APPELLANT, v. COUNTY OF ORANGE ET AL., RESPONDENTS.

DRAINAGE ACT—CONSTITUTIONAL LAW—DELEGATION OF POWER TO COUNTY SURVEYOR—CONSTRUCTION OF CONSTITUTION.—The act of March 3, 1881, to provide a system of drainage for agricultural, swamp, and overflowed lands, which confers upon the county surveyor the authority to make a survey of the line of a proposed drainage ditch, and to report the land or interest to be affected thereby, is not in conflict with section 1 of article III of the constitution providing that the powers of the government of the state shall be divided into three departments, and that no person charged with the exercise of powers properly belonging to one of them shall exercise any functions appertaining to either of the others; but that article relates only to the state government, and has no application to the local governments provided for by article XI of the constitution.

ID.—DELEGATION OF POWER BY LOCAL BOARDS—MINISTERIAL DUTIES.— The power of delegation by local boards is confined to the discharge of duties ministerial in character, and not calling for the exercise of discretion or judgment.

ID.—PRELIMINARY SURVEY OF DITCH—MINISTERIAL DUTIES OF SURVEYOR. The drainage act does not provide that any duties other than ministerial are to be devolved upon the county surveyor, whose survey is but preliminary; and is not a judicial act, but he is required simply to furnish evidence to be submitted to the board, upon which their judgment and discretion after a full hearing is to be exercised.

ID.—JUDGMENT BY MINISTERIAL OFFICERS—EXISTENCE OF FACTS.—Judgment must often be exercised by ministerial officers in determining whether or not the facts exist which authorize them to act.

ID.—REPEAL OF DRAINAGE ACT—COUNTY GOVERNMENT ACT.—The drainage act of 1881 is not repealed by the County Government Act of March 14, 1883.

ID.—DISTINCTION BETWEEN TAX AND ASSESSMENT. — An assessment, as distinguished from a tax, is a special and local charge or imposition upon property in the immediate vicinity of municipal improvements, predicated upon the theory of benefits from such improvements, and levied as a charge upon land or property specially benefited thereby, while a charge imposed by law upon the assessed value of all property, real and personal, in a district, is a tax, and not an assessment, although the purpose be to make a local improvement.

ID.—CONSTRUCTION OF COUNTY GOVERNMENT ACT—SUBMISSION OF TAX TO ELECTORS.—The proviso in the thirteenth subdivision of section 25 of the County Government Act, that no tax shall be levied upon any district unless the proposition to levy the same has been submitted to the qualified electors, applies only to such taxes as are levied upon property on the ad valorem principle, as prescribed by the constitution, and has no application to assessments for local purposes where the charge is upon the property benefited and is fixed in proportion to the benefits received.

Appeal from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion.

*Victor Montgomery,* and *H. A. Pierce,* for Appellant.

*James G. Scarborough,* for Respondents.

Searls, C.—This action was brought to recover money paid under protest by the plaintiff, pursuant to section 3819 of the Political Code, as amended in 1893. (Stats. 1893, p. 22.)

The complaint avers that the plaintiff was, at all times mentioned therein, the owner of certain lands in what is known as the Bolsa Drainage Ditch District, county of Orange, state of California, which lands are described in apt terms.

That on the seventeenth day of November, 1890, a petition signed by two or more landowners in the vicinity of plaintiff's land was presented to the board of supervisors of said Orange county, asking for a ditch under the provisions of an act entitled "An act to provide a system of drainage for agricultural, swamp, and overflowed lands," approved March 3, 1881.

The various steps thereafter taken by the board of supervisors in establishing a "district" are then particularly set out, and the assessment of lands within said district to pay the costs of locating a ditch, etc. The payment of the sum assessed under protest as prescribed in section 3819 of the Political Code aforesaid; the presentation of the claim for the tax so paid under protest to the board of supervisors, its rejection and nonpayment.

The complaint also contains two other causes of action for like taxes paid by others and assigned to plaintiff. A general and a special demurrer was interposed by defendant to each of the causes of action. The general demurrer was sustained and the special demurrer overruled to each of said causes of action. Plaintiff

declined to amend his complaint, whereupon, upon motion of defendants, judgment of dismissal was entered, from which judgment plaintiff appeals.

The cause comes up on the judgment-roll. The question for determination is: Does the complaint state facts sufficient to constitute a cause of action?

The objections of appellant to the validity of the assessments may be grouped under two general heads: 1. The act of the legislature under which the board of supervisors proceeded to levy and collect the tax was unconstitutional, being in violation of section 1, of article III, of the constitution of this state; 2. The act of March 3, 1881, entitled "An act to provide a system of drainage for agricultural, swamp, and overflowed lands, or at least so much thereof as authorized the board of supervisors to levy an assessment or tax without first submitting the question to a vote of the electors of the district, was repealed by the County Government Act of 1883, and particularly by subdivision 13 of section 25 thereof, and by section 184 thereof. (Stats. 1883, pp. 304, 365.)

The act of March 3, 1881 (Stats. 1881, p. 15), under which the proceedings were had leading up to this action, provides that when two or more landowners shall petition the board of supervisors for a ditch, drain, or other watercourse, defining the place of beginning and the lands through which the same pass, and their estimated course, and shall give bonds for the payment of all the costs which may accrue if the petition shall be denied, said supervisors shall set a day for the hearing and give notice thereof, etc.

The second section requires the board to direct the county surveyor to make a survey of the line of the proposed ditch, and report the descent, if any, between the head and outlet of said ditch, with the intermediate grades, and the lands or interests to be affected thereby, and such other information as may come under his observation, etc.

If, at the hearing, the board shall find that the con-

struction of the ditch would be conducive to the welfare of the landowners petitioning, and not inconsistent with the rights and privileges of other contiguous territory to construct ditches, and if the surveyor report sufficient fall to make the ditch available, then the supervisors shall, in their discretion, grant the prayer of the petitioners, "and shall proceed to examine the land affected by it, and shall cause said ditch to be surveyed," stakes set, and a journal made of the width and depth at each stake.

The fifth section requires the board, after notice to all resident landowners and a hearing, to apportion the excavation of the ditch to the lands affected thereby, according to the benefits received.

The costs of locating, including the right of way, are to be apportioned in like manner, and a day is to be set for hearing exceptions to the apportionment.

The remaining portions of the act provide that owners of land may construct their portions of the work, or, failing so to do, it shall be let by contract to the lowest bidder.

The cost of the work is to be reported to the county auditor, who shall cause it to be entered upon the tax books of the county, and thereupon it becomes a tax upon the land of the delinquents, etc., to be collected as other taxes and paid to the party performing the work.

This statement, although not full in detail as to all the provisions of the statute, is sufficient to illustrate the point made by appellant, which is that under the act, powers are conferred upon the county surveyor whereby he alone determines what lands *are to be affected* by the proposed work, and that the delegation of such power to an executive officer is in contravention of that provision of the constitution (art. III, sec. 1) which provides that: " The powers of the government of the state of California shall be divided into three separate departments—the legislative, the executive, and judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions

appertaining to either of the others, except in the cases hereinafter expressly directed or permitted."

Article III of the constitution relates to the state government, and has no application to the local governments provided for by article XI of the constitution. (*People* v. *Provines*, 34 Cal. 520.)

It does not follow, however, that the authority conferred upon the board of supervisors by statute can be delegated to others. We understand the rule to be that the power of delegation by local boards is confined to the discharge of duties ministerial in character, and not calling for the exercise of discretion or judgment; or, to put it more accurately, ministerial powers may generally be executed by deputy, but judicial powers may not. (Cooley's Constitutional Limitations, 204; *Scollay* v. *County of Butte*, 67 Cal. 249; *Abrams* v. *Ervin*, 9 Iowa, 87; *Page* v. *Hardin*, 8 B. Mon. 662; *Lewis* v. *Lewis*, 9 Mo. 182; 43 Am. Dec. 540; *People* v. *Bank of North America*, 75 N. Y. 547.)

Where an officer's powers are partly ministerial and partly of a judicial nature, the exercise of the former may be given to a deputy, but not that of the latter. (*Powell* v. *Tuttle*, 3 N. Y. 396.) A perusal of the statute fails to convince us that any duties other than ministerial are devolved upon the county surveyor. Briefly stated, the supervisors are required to direct the county surveyor to survey the line of the proposed ditch or waterway; to note and report the grades or fall of the land, and to report the lands or interests to be affected thereby, and such other information as may come under his observation.

This is but a preliminary survey, and consists in collecting such facts and data as may serve to inform the supervisors, and is in no sense more a judicial act than is the preliminary survey of a route for a railroad.

The surveyor simply furnishes evidence to be submitted to the board, upon which their judgment and discretion after a full hearing is to be exercised.

Judgment must often be exercised by ministerial

officers in determining whether or not the facts exist which authorize them to act.   Election officers afford a fair example.   They must judge as to the existence of the facts which entitle an elector to cast his ballot; yet they are but ministerial officers.   (*People* v. *Van Slyck,* 4 Cow. 297; *Ex parte Heath,* 3 Hill, 42; *People* v. *Pease,* 27 N. Y. 45; 84 Am. Dec. 242.)   It follows that appellant's first point cannot be maintained.

2. Does the act of 1883 have the effect of repealing the act of 1881 in relation to " a system of drainage for agricultural, swamp, and overflowed lands"?

Section 25 of the act of March 14, 1883 (County Government Act), enumerates the general permanent powers of the board of supervisors.

Subdivision 13 of the section authorizes the board " To levy taxes upon the taxable property of their respective counties for all county purposes, and also upon the taxable property of any district for the construction and repair of roads and highways and other district purposes; *provided,* that no tax shall be levied upon any district until the proposition to levy the same has been submitted to the qualified electors of such district and received a majority of all the legal votes cast upon such proposition."

Section 184 of the same act repeals all acts and parts of acts inconsistent therewith.

Is the charge imposed upon the lands benefited by the construction of a ditch as provided for under the act of 1881 (Stats. 1881, p. 15) a *tax* within the purview of the term as used in the County Government Act?

If this question is answered in the affirmative, then the act in question is so far repealed by the latter act that no tax could be levied by the supervisors until the question was first submitted to a vote of the electors of the district.

The term *assessment* is often popularly used as a synonym for taxation, but this is not its strict legal significance.

The authority to levy an assessment is usually referable to and an exercise of the taxing power.

An assessment, as distinguished from a tax, is a special and local charge or imposition upon property in the immediate vicinity of municipal improvements, predicated upon the theory or principle of equivalents or benefits from such improvements, and levied as a charge upon land or property specially benefited thereby.

It is a charge upon property, in theory at least, upon the principle of apportionment according to the relation between burden and benefit.

A charge imposed by law upon the assessed value of all property, real and personal, in a district is a tax, and not an assessment, although the purpose be to make a local improvement on a road. (*Williams* v. *Corcoran*, 46 Cal. 553.)

The distinction between a tax and an assessment is discussed in *Taylor* v. *Palmer*, 31 Cal. 241, and need not be repeated here.

We are of opinion that the *proviso*, " that no tax shall be levied upon any district until the proposition to levy the same has been submitted to the qualified electors," etc, contained in the thirteenth subdivision of section 25 of the County Government Act, applies only to such taxes as are levied upon property upon the *ad valorem* principle, as prescribed by the constitution, and has no application to assessments for local purposes where the charge is upon the property benefited, and is fixed in proportion to the benefits received, as in cases of street improvements and many others, including the case at bar.

It follows that the act in question was not repealed by the County Government Act, and the judgment of the court below appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.