IN RE THERESA DRAINAGE DISTRICT.

*April 24 — May 15, 1895.*

*Eminent domain: Drainage: Public use: Constitutional law.*

90    301
93    548

90      301
117    366

1. Ch. 401, Laws of 1891 (providing for the laying of ditches, drains, etc., and authorizing the taking of property therefor when it shall be made to appear to the circuit court that such works "are nec-

essary or will be useful for the drainage of the lands proposed to be drained thereby, for agricultural, sanitary or mining purposes "), fails to express that the work must be necessary or desirable to promote any public interest, convenience, or welfare, or that the taking of property is to be for a public use, and is therefore invalid.

2. The word "sanitary" in said act does not import the idea of the *public* health.

APPEAL from an order of the circuit court for Washington county: A. SCOTT SLOAN, Circuit Judge. *Reversed.*

This is an appeal from an order of the circuit court, made in the above matter, which denies a motion to quash the petition and to dismiss the proceedings commenced to organize and establish a drainage district, and to appoint commissioners to lay out, erect, and construct the proposed works, under the authority of ch. 401, Laws of 1891. The question raised is the validity of the statute under which it was proposed to organize the proposed drainage district and to construct the proposed works. The act provides for the laying of ditches, drains, levees, or other works "across the lands of others for agricultural, sanitary or mining purposes." It provides that whenever it shall be made to appear to the circuit court of the proper county, in the manner provided, "that the proposed drain or drains, ditch or ditches, levee or levees, or other works, is or are necessary or will be useful for the drainage of the lands proposed to be drained thereby, *for agricultural, sanitary or mining purposes,*" the court shall appoint three competent persons as commissioners to lay out and construct the proposed works. Provision is made for the payment of damages to the owners of lands and such other property as are injured by the construction of the works. The cost of the works and the damages to be paid are to be raised by assessment of benefits upon the property within the assessment district which shall be benefited by the improvement. The petition is conceded to be sufficient in form and substance

to satisfy the statute.   It is urged against the statute itself
that it is invalid, in that it provides for the taking of pri-
vate property, against the will of the owner, to promote a
purely private enterprise.

For the appellant there was a brief by *Barney & Kuech-*
*enmeister*, and oral argument by *S. S. Barney*.   They
argued, among other things, that ch. 401, Laws of 1891, does
not contain any provisions which make the taking other
than a private enterprise.   Sec. 2 is the only part of the law
referring to the subject and that provides that such drain-
age district may be organized for "agricultural, sanitary or
mining purposes."   Neither of these purposes is a public use
so as to bring it within the principles of eminent domain or
taxation, nor do either of these call for the exercise of the
police power of the state.   The use of the word "sanitary"
does not bring the law within the reasoning of *Donnelly v.*
*Decker*, 58 Wis. 461, because the word has no reference to
the *public health*.   Under this law a man could have a drain
laid out across his neighbor's lands for the purpose of re-
claiming a few acres of his own swamp land "for agricult-
ural purposes," or he could establish a drain across his
neighbor's lawn, leading from his cellar or privy for "sani-
tary purposes."   The reclaiming of large tracts of land is
not a public use so as to bring the case within the princi-
ples of eminent domain or taxation.   *Donnelly v. Decker*,
58 Wis. 461, 468; *Reeves v. Wood Co.* 8 Ohio St. 333; *Flem-*
*ing v. Hull*, 73 Iowa, 598; *Sessions v. Crunkilton*, 20 Ohio
St. 349; *McQuillen v. Hatton*, 42 id. 202; *Osborn v. Hart*,
24 Wis. 89; Cooley, Const. Lim. 627, 628.

For the respondents there was a brief by *Rietbrock &*
*Halsey*, and oral argument by *L. W. Halsey*.   They con-
tended, *inter alia*, that under the rules of statutory construc-
tion the word "sanitary" as used in this act must be inter-
preted and considered as meaning the *public health*, which
would be as a natural consequence *for the general welfare*,

and the act would therefore be valid as an exercise of the police power of the state. *Donnelly v. Decker*, 58 Wis. 461; *Bryant v. Robbins*, 70 id. 258; *State ex rel. Baltzell v. Stewart*, 74 id. 620; *Muskego v. Drainage Comm'rs*, 78 id. 40; *State ex rel. Witte v. Curtis*, 86 id. 140.

NEWMAN, J. It is settled law in this state that private property can be taken *in invitum* for a public use only. For a private use it cannot be taken. *Wis. Water Co. v. Winans*, 85 Wis. 26, 39. It is also settled that to dig ditches or drains across the lands of private owners, under an apparent legislative authority, is a taking of the lands. Mills, Em. Dom. § 30; *Smith v. Gould*, 61 Wis. 31; *Donnelly v. Decker*, 58 Wis. 461. The question presented for decision is whether the digging of the ditches and drains and the construction of the levees and other works contemplated by the statute under consideration is for a public use.

The provision of the statute is: "If it shall appear to the court that the proposed drain or drains, ditch or ditches, levee or levees, or other works, is or are necessary or will be useful for the drainage of the lands proposed to be drained thereby, *for agricultural, sanitary or mining purposes*," the court shall appoint commissioners. Laws of 1891, ch. 401. There is in the entire statute no expression or intimation that it was any part of the consideration upon which the improvement should be authorized that it should be either necessary or desirable to promote any public interest, convenience, or welfare. No doubt, such an improvement may be useful to some, or perhaps many, private owners of land, by way of increasing the usefulness and value of their lands. But that is merely a private advantage. It interests the public only indirectly and remotely, in the same way and sense in which the public interest is advanced by the thrift and prosperity of individual citizens. *Donnelly v. Decker*, 58 Wis. 461. Some home or homes might be made

more cheerful and more healthful. But one man's property cannot be taken to make another man's home more cheerful or healthful. It is only when it will make the homes of the public more healthful that any man's property can be taken for "sanitary purposes."

But it is urged that the term "sanitary purposes" comprehends and imports the idea of the public health. If so, it might save this statute. Webster defines the word "sanitary" as "pertaining to or designed to secure sanity or health." The Century dictionary defines it as "pertaining to health or hygiene, or the preservation of health." It will be seen that the word is of purely abstract meaning. It is utterly devoid of any suggestion of numbers or of public or private relation. It imports neither. For such purpose it is strictly neutral and impartial. Without some qualifying word it is inoperative to designate the purpose as a public one or as in the interest of the public health.

It is, no doubt, for the legislature to specify the use and purpose for which it authorizes private property to be appropriated. It should be expressed clearly; for it cannot be enlarged by a doubtful construction, nor be presumed to be larger than the purpose which is expressed. Dill. Mun. Corp. (4th ed.), § 603. This is not a question of the construction of ambiguous words or terms. But it is an entire failure to express in any form that the taking of property for which it provides is to be for a public use. So it must be held that it does not provide for a taking for a public use. It could not lawfully provide for a taking for any other than a public use. It cannot support proceedings for the condemnation of lands as for a public use. It is entirely invalid. The proceedings should have been dismissed.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to dismiss the proceedings.