[L. A. No. 457.  Department Two.—September 18, 1899.]

## F. P. NICKEY, Appellant, *v.* STEARNS RANCHOS COMPANY et al., Respondents.

DRAINAGE ACT—REPEAL NOT EFFECTED.—The act of 1881, "to provide a system of drainage for agricultural. swamp, and overflowed lands," was not superseded or repealed by .the act of 1885· "to promote drainage." The latter act is not in its terms so repugnant to or inconsistent with the provisions of the former act that a repeal by implication must follow; and it is not designed to be revisory of the earlier act, and does not cover the same ground occupied thereby, and does not supersede it as a later expression of the legislative will and intent upon the same subject matter.

ID.—CONDEMNATION OF LAND FOR PRIVATE USE—ACT OF 1881 UNCONSTITUTIONAL.—The drainage act of 1881 is unconstitutional, in permitting private property to be taken or damaged for private use, and only ·requiring that the condemnation of land for a ditch, drain, or watercourse thereunder shall "be conducive to the general welfare of the landowners petitioning therefor," without requiring or intimating that the land is to be taken for any public use.

ID.—POWER OF LEGISLATURE—PUBLIC USE—LEGISLATIVE QUESTION.—The legislature can take private property in this state only for public use, after just compensation made or paid, and cannot take or damage it at all for any private use. The legislature must, in the first instance, show that the consideration for the taking of private property is one of public necessity or convenience; and it is not a question for the courts to say whether a petition by any particular number of men indicates public necessity or convenience.

ID.—FORMER DECISION NOT BINDING.—The decision in the case of *Holley v. County of Orange*, 106 Cal. 420, in favor of the validity of the drainage act of 1881, as against certain specific objections urged thereto, was made upon points not here raised, and has no binding force in this action between other parties upon propositions not presented to nor considered in that case.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

E. E. Keech, for Appellant.

The act of March 3, 1881, is not unconstitutional. Its constitutionality is not to be determined by its attempted application to extreme cases. (*In re Central Irr. Dist.*, 117 Cal. 382.) The public nature of the use may be shown at the trial. (*Lorenz v. Jacob*, 63 Cal. 73.) The finding of the supervisors upon establishing the ditch is sufficient and inclusive to show that it was necessary for public purposes. (*Santa Ana v. Harlin*, 99 Cal. 538.)

E. W. McGraw, for Respondents.

The act of 1881 is unconstitutional as providing for the taking of private property for private purposes. (*Moulton v. Parks*, 64 Cal. 182; *Brandenstein v. Hoke*, 101 Cal. 133; *Consolidated Channel Co. v. Central Pac. R. R. Co.*, 51 Cal. 269; *In re Theresa Drainage Dist.*, 90 Wis. 301.) The case of *Holley v. Orange Co.*, 106 Cal. 420, is not *res adjudicata* on the points here involved, which were not there considered. (*In re Central Irr. Dist.*, 117 Cal. 382; *City Council v. Fowler*, 48 S. C. 8.)

HENSHAW, J.—This action was brought under the authority of an act of the legislature, entitled "An act to provide a

system of drainage for agricultural, swamp, and overflowed lands" (Stats. 1881, p. 15), to condemn lands of the defendants for the purpose of constructing a ditch. The complaint set forth the proceedings taken in accordance with the statute under which it is asserted that the right to prosecute this action was acquired. A general demurrer to the complaint was sustained and judgment entered for defendants.

In support of the demurrer the respondents insist that the act of 1881 above referred to, even if it be a constitutional act, was superseded by a later act passed in 1885, entitled, "An act to promote drainage." (Stats. 1885, p. 204.) But, while the two acts deal with the same subject matter—that is to say, the drainage of surplus water which is injurious to land—we do not think that the later act in its terms is either so repugnant or inconsistent with the provisions of the earlier act as to force the conclusion that a repeal by implication must follow. Nor do we think that the later act is designed as revisory of the earlier act, or as a later expression of the legislative will and intent upon the same subject matter. The two acts are not inconsistent the one with the other. The later does not cover the ground occupied by the earlier, and, therefore, should not be held to supersede it. Both may be allowed to stand and be given full force and effect without doing violence to either, or to any canon of statutory construction.

It is further insisted, however, that the demurrer was properly sustained because the proceedings which are the foundation of this condemnation suit were had under an unconstitutional statute. This contention we think is sound. The act of 1881, under which these proceedings were taken, provides that when "two or more owners shall petition the board of supervisors for a ditch, drain, or other watercourse," the supervisors shall appoint a day for a hearing and give notice. Upon the hearing, "if the supervisors shall find that the construction of the ditch would be conducive to the general welfare of the landowners so petitioning," surveys are to be made, stakes set, the work to be ordered done, and the cost apportioned upon the lands benefited and private property condemned for ditch purposes. But in this state private property may not be taken or damaged for private use at all. It may be taken

only for public use after just compensation made or paid. (Const., art. I, sec. 14.) It is beyond question that the digging and maintaining of ditches and drains across private lands is a taking of property. This statute may be read in vain to discover any expression or intimation that the taking in this case is for a public use. The proceedings may be initiated by two men. They are required to be landowners; but so loosely is this statute drawn that it is not required that the land which they own shall be so situated as to be affected by the proposed ditch. As authority for initiating the work, and for taking the land of a private owner for the indicated purposes, the supervisors have but to find, not even that the construction of the ditch will benefit the lands of the petitioners, but merely that it will "conduce to their general welfare." It is nowhere in the act expressed or contemplated that the interest or convenience of the public, or of any community, is to be subserved. Yet, except for these purposes, private property may not be taken. To the contrary, the very language of the statute negatives the idea that public interests are in consideration, since it imposes upon the supervisors the duty of ordering the work when they shall find that its construction will be conducive to the general welfare of the two or three or four persons who petition. Nor may this act be saved from condemnation because, while providing that only two landowners need petition, it contemplates that more may do so. It is not a question for the courts to say whether a petition by three or four, or five or six, or ten, should be held to indicate that public necessity or convenience is involved. It is for the legislature in the first instance to show that the consideration for the taking of private property is a consideration of public necessity or convenience. (*In re Theresa Drainage Dist.*, 90 Wis. 301.) We are not unmindful that this statute was attacked in *Holley v. County of Orange*, 106 Cal. 420, and that its constitutionality was there upheld; but the points here presented were not in that case raised or considered. That determination was a decision, not generally as to the validity of the act, but merely that it was valid against the specific grounds of attack urged. It is of no binding force in this action, between different parties, and upon propositions neither presented to

nor considered by this tribunal in the former action. (In re Irrigation Dist., 117 Cal. 382; City Council v. Fowler, 48 S. C. 8.)

The judgment is affirmed.

Temple, J., and McFarland, J., concurred.