*In re* Rhode Island Suburban Railway Company for
Condemnation of Land.

PROVIDENCE—MARCH 5, 1901.

PRESENT : Stiness, C. J., Tillinghast, Rogers, Douglas, Dubois, and
Blodgett, J J.

(1) *Constitutional Law.   Eminent Domain.   Public Corporations.*

Pub. Laws R. I. passed May 4, 1900, gave to the Rhode Island Suburban
Railway Company authority to "acquire by condemnation such lands in
any town as said corporation may from time to time take, in manner pro-
vided, for its *corporate* purposes." Section 4 of the act required the court
to determine whether the land described was necessary to the corpora-
tion for its corporate purposes :—

*Held,* that the statute in its necessary and proper implication was not in
violation of article 1, section 16 of the constitution, which provides that
"private property shall not be taken for *public* uses without just com-
pensation."

PROCEEDINGS FOR CONDEMNATION OF CERTAIN LANDS, under
the provisions of an act in amendment of an act to incorporate
the Rhode Island Suburban Railway Company, passed May 4,
1900.    Heard on constitutional question.

STINESS, C. J. , Public Laws, passed May 4, 1900, gave
to the Rhode Island Suburban Railway Company authority
to " acquire by condemnation from time to time, such lands
and such interests and estates in lands, in any town, city, or
district in the counties of Providence, Bristol, Kent, and
Washington, as said corporation may from time to time take,
in manner hereinafter provided, for its corporate purposes,
or for the corporate purpose of any railway corporation whose
property, rights, privileges, or franchises have been or may
hereafter be acquired by said company under the authority
of its charter or any amendment thereof."

Under this statute land has been condemned by the Rhode
Island Suburban Railway Company, the owner of which at
the trial requested the presiding justice to rule that the stat-
ute is unconstitutional.    A ruling was made that the statute
is not unconstitutional, and the question is now before the
full court for review.

(1) The land-owner claims that the statute is unconstitutional because it authorizes a taking of land for "corporate purposes," and does not limit the taking to *public* purposes.

It is beyond question that the legislature has no right to condemn private property for any other than public purposes. This limitation is so fundamental that we are bound to assume that the legislature could neither have been ignorant of it nor have disregarded it in the statute in question. A conflict between the statute and the constitution is not to be implied, and where the meaning of the constitution is clear the court will, if possible, construe a statute in accordance therewith to give the statute effect. Cooley's Const. Lim. 6 ed. 218. It is, therefore, no stretch of construction to say, in a case where the legislature has no power to authorize a condemnation for any thing but a public use, that the statute must mean a public use just as plainly as though it used those words. Otherwise we would have to assume that the legislature knew that it was enacting a nullity and intended to do so. We think it is plain that the statute authorizes only a taking of land for a public use. What constitutes a public use is a judicial question about which there has been much conflict in decisions, but which, nevertheless, must be settled by the courts. If a legislature should say that a certain taking was for a public use, that would not make it so ; for such a rule would enable a legislature to conclude the question of constitutionality by its own declaration. The true rule is that the statute will be held to apply only to public purposes, unless it shows the contrary, and the court will then determine whether the particular taking is for a public purpose. That this is the evident intention of the act in question appears from section 4, which requires the court to determine whether the land described is necessary to said company for its corporate purposes. Clearly no court could hold that the words "corporate purposes" could include private purposes, even though, in some sense, these might be necessary to the corporation. The company is chartered as a servant of the public. It may, therefore, have need of land for the exercise of its franchise—an unquestionable public use. The case is, therefore, radically

different from *Theresa Drainage Dist.*, 90 Wis. 301 ; *Nickey v. Stearns*, 126 Cal. 150 ; and *Gifford v. Shroer*, 145 Ind. 572, cited by the land-owner.    In these cases the law not only failed to disclose a public purpose, but the courts found that the taking was in fact for individual and private benefit.

We are of opinion that the statute in its necessary and proper implication is not in violation of the constitution.

*Edwards & Angell*, for petitioner.

*Tillinghast & Tillinghast*, for respondent Campbell.