State ex rel. Mansker v. Leib, District Judge, 20 N. M. 619.

[No. 1839, September 7, 1915.]
STATE ex rel. MANSKER, Sheriff, v. LEIB, District
Judge.

## SYLLABUS BY THE COURT.

The accusation to be presented to the district court by the district attorney, looking to the removal of public officers, must state the offense charged in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended, and the strict formality customarily required in the case of indictments or informations is not required by the statutory provisions referred to.

Application for writ of prohibition by the State, on the relation of Robert T. Mansker, Sheriff of Union County, against Hon. Thomas D. Leib, Judge of the Eighth Judicial District of the State of New Mexico, and the District Court of Union County. Application denied, and respondent discharged from rule to show cause.

E. A. MANN of Albuquerque; O. T. TOOMBS of Clayton and J. LEAHY of Raton, for relator.

GEORGE E. REMLEY, District Attorney, of Cimarron, for respondent.

## OPINION OF THE COURT.

HANNA, J.—This is an application for a writ of prohibition against Hon. Thomas D. Leib, as judge of the district court of the Eighth judicial district, for the purpose of prohibiting and restraining the said court from suspending the relator from his office of sheriff of Union county, and from removing and attempting to remove him from his said office, or in any wise interfering with him or with his duties as such sheriff, and seeking to prohibit the said court from continuing one Thomas J. Crumley in the office of said sheriff of Union county, and further seeking to prohibit the said court from requiring the said relator

to stand trial upon the alleged complaint now pending in the said court, and from further proceeding under said complaint in any manner whatsoever and from continuing to hold the order of suspension of said relator from said office and the appointment of said Crumley in effect, or to operate in any way against the said relator.

The proceeding in the district court, which is here sought to be prohibited, was instituted pursuant to the provisions of chapter 80, Code of 1915, which provides for the removal of officers and establishes a procedure therefor. The complaint against the sheriff of Union county set up several grounds of alleged misconduct in office, and it is not contended that these grounds do not fall within the purview of the statute. But it is contended that the complaint against the sheriff conferred no jurisdiction upon the district court. The basis of this contention is that by section 3957 of the Code of 1915 jurisdiction is given the district courts to entertain a proceeding for the removal of public officers, as provided by the statute referred to, where there has been a presentment by a grand jury, or, under the provisions of section 3971, where an accusation is presented by the district attorney to the judge in vacation, or term time, when there is no grand jury in the county where the same is presented for a period of at least 20 days after the presentment by said district attorney.

It is contended in this case that the complaint for suspension and removal from office was not such a formal presentment by the district attorney as is contemplated by the statute in question, but was a complaint on the relation of certain parties named, and therefore insufficient to confer jurisdiction. It is contended by the relator that there must be a formal presentment by either a grand jury or a district attorney in his official capacity. It is contended by relator that the word "presentment" is used in the statute in the sense in which that term was known at common law, as the informal finding of a grand jury, charging the person with a certain offense, and that in this sense it is incumbent upon the district attorney to

State ex rel. Mansker v. Leib, District Judge, 20 N. M. 619.

present the accusation in his official capacity in the same manner in which an accusation would be presented by the grand jury; the only difference being that the district attorney must support his presentment by sworn affidavits submitted therewith for the information of the court. The sufficiency of the complaint filed in the district court against the sheriff of Union county is the only question necessary for our decision.

The complaint, as filed, so far as it is necessary in our opinion to consider the same, reads as follows:

"Comes now the plaintiff in the above-entitled cause, by George E. Remley, district attorney, and Orie L. Phillips, assistant district attorney, of the Eighth judicial district of the state of New Mexico, on relation of the above-named parties, and complains of the defendant and for cause of action alleges."

The title of the complaint is:

"State of New Mexico, on Relation of C. L. Collins, Joseph Gill, Hugh B. Woodward, Frank Farris, Grover C. Smith, and Ed. Starks, Plaintiff."

[We conclude that the pleader clearly attempted to point out that the state of New Mexico was the plaintiff in the cause as instituted in the district court, and the prayer for relief likewise indicates that the state was recognized as the party plaintiff; the complaint being signed by the assistant district attorney of the Eighth judicial district and supported by the affidavits of the persons named in the title of the case, who clearly were the informants or persons who had called the matter to the attention of the district attorney, and whose supporting affidavits were required under the provisions of section 3973 of the Code of 1915.

This court has held that a proceeding for the removal of public officers, such as the one here questioned, is a civil proceeding in its nature. State ex rel. Mitchell v. Medler, 17 N. M. 644, 131 Pac. 976, Ann. Cas. 1915B, 1141. We are not unmindful of the fact that the trial

622 SUPREME COURT OF NEW MEXICO.

State ex rel. Mansker v. Leib, District Judge, 20 N. M. 619.

provided for by section 3966, Code 1915, must be by jury and conducted "in all respects in the same manner as a trial on an information or indictment for a misdemeanor." As was pointed out in the case cited, the provision as to the conduct of the trial was designed to throw around the defendant the same safeguards with which the law clothes a defendant in a criminal action; that is, the same rules governing the introduction of evidence must be followed, and the guilt of the defendant must be established by the same degree of positive proof as is required in criminal prosecutions generally. But it does not necessarily follow from this that a proceeding commenced in pursuance of the act in question is to be classed as a criminal action. There is in our opinion a clear legislative intention shown not to require the same formality customarily required in indictments or informations. This is indicated by section 3958, Code 1915, which provides that:

"The accusation must state the offense charged in ordinary and concise language without repetition and in such manner as to enable a person of common understanding to know what is intended."

This provision is more in conformity with the liberal rules of code procedure than the strict rules of criminal procedure, and it was doubtless the intention of the Legislature that such should be the case. If the contention of the relator be sustained, we must necessarily hold that the accusation contemplated by the act for the removal of officers must be accompanied by all that strict technical form of pleading usually required in the case of indictments or informations. With this contention of relator we cannot agree, and we believe our view of the matter is further supported by other provisions of the same statute. For example, it is provided by section 3972 of the Code that, wherever sworn evidence is presented to the district attorney, showing that any of the officers of the class provided for in this chapter are guilty of any of the matters therein mentioned as causes for removal, he must present the accusation to the court as provided in the next

preceding section, which provides that the accusation may be presented by the district attorney to the judge in vacation or term time when there will be no grand jury in that county where the same is presented for at least 20 days after the presentment of the accusation, clearly indicating that the term "presentment" is used in its ordinary sense, as defined by the New Standard Dictionary, as "that which is presented or exhibited." By section 3973 of the Code it is provided that:

> "When the accusation is presented by the district attorney as provided in the preceding section, the same must be supported by sworn affidavit or affidavits, and the court must forthwith investigate the matter, and if a jury is in attendance at the time such accusation is presented, the court must order a citation to the defendant and thenceforth the case must proceed as provided in this chapter where the accusation is by a grand jury."

By this section it is clearly indicated that the accusation to be presented to the court by the district attorney may be one based upon information of others and not a formal charge upon information of the district attorney, and in our opinion this statute clearly shows a legislative intent inconsistent with the contention here made by relator. It is made the duty of the district attorney by section 3972 of the Code to bring the matter of the complaint against the official to the attention of the court. In other words, he must bring the matter to the attention of the court by statement of the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common knowledge to know what is intended, and support such statement by the affidavit or affidavits of those having knowledge of the facts.

Our conclusion in this respect might be different, were we inclined to believe that the statutes in question, providing for the removal of public officers, contemplated that strict formality in the matter of the accusation, which is ordinarily required in the case of indictments returned by

grand juries or informations presented by district attorneys; but it is our understanding that the Legislature clearly intended to provide a more liberal form of procedure so far as the accusation is concerned, while at the same time providing that the conduct of the trial should be in all respects as a trial on an information or indictment for a misdemeanor. Such being the case, our opinion is that the application for the writ of prohibition must be denied.

Our conclusion makes it unnecessary for us to determine whether or not the writ of prohibition is a proper remedy under the circumstances of this case. Therefore the application for a writ of prohibition is denied, and the respondent is discharged from the rule to show cause,. with costs in his behalf sustained; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

