[No. 3579.  May 27, 1930.]

[Rehearing Denied June 17, 1930.]

STATE ex rel. CHAPMAN v. TRUDER.

[289 Pac. 594.]

F. Faircloth, of Santa Rosa, and Hilario Rubio, of Las Vegas, for appellant.

A. C. Erb, of East Las Vegas, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

This was an action brought by the appellee, against appellant, the district attorney of the Fourth judicial district, for unlawfully intruding into the office of mayor of the city of Las Vegas.  His position is that when appellant, the mayor of the city of Las Vegas, became the elected, qualified and acting district attorney aforesaid, the office of mayor became vacant by virtue of subsection 8 of section 96—107, 1929 Comp., providing that an office of the class here involved becomes vacant by the incum-

bent "accepting and undertaking to discharge the duties of another incompatible office." The trial court found and concluded that the two offices are incompatible.

The only argument advanced to support the conclusion of the trial court is, as stated in the complaint, as follows:

"There is a possibility of the District Attorney having to present an accusation in writing against the Mayor of the city of Las Vegas, in the event that the Mayor of the city of Las Vegas committed some act which would be cause for his removal from said office pursuant to the laws of the State of New Mexico."

Appellee refers to chapter 36, Laws 1909, being "An Act Providing for the Removal of Officers, etc.," compiled in chapter 80, Code 1915, and in chapter 96, 1929 Comp. The removal power extends to city officers elected by the people. The charges are primarily to be presented by the Grand Jury to the district court of the county in or for which the officer accused is elected. Section 96—108, 1929 Comp. If a situation at once demanding action to be taken when there is to be no grand jury for at least twenty days, the district attorney shall, whenever sworn evidence is presented to him showing that the officer involved is guilty of any of the matters mentioned as causes for removal, present the accusation to the court, which accusation must be supported by sworn affidavit or affidavits, and the court either with or without a jury, as the exigencies of the case may require, must investigate the matter in a hearing upon notice to the accused.

The proceeding is civil in its nature. State v. Leib, 20 N. M. 621, 151 P. 766, 767. We do not doubt the power of the district court to call special term of the court and a special grand jury to consider presentation of accusation for removal of an officer.

The general duty of a district attorney to investigate and initiate criminal charges against law violators does not seem to rest upon him under the statute for removal of officers. In such cases, his services are invoked by the presentation to him of sworn evidence of matters which are causes for removal. If the district attorney and his assistant may for some reason be disqualified or refuse

to prosecute, the district court may appoint a competent person to represent the county or state. Section 39—109, 1929 Comp. By section 90—2904, 1929 Comp., any person holding any office in any city, town, or village, by virtue of election or by virtue of appointment to an elective office of such city, town, or village, may be removed for malfeasance in office, by the judge of the district court upon complaint filed by the mayor or the city council, board of aldermen or board of trustees, of any city, town, or village. From all the foregoing, it does not appear that the public interests would suffer from a lack of a procedure for the removal of a mayor of a city, even if the district attorney should be the incumbent of both offices and the mayor should be subject to removal.

This is not like a case where one officer has the power to exercise a discretion of removal of another. The district attorney has no power to remove the officers named in the removal statute. He may only present charges based upon sworn evidence, presented to him. If the district attorney should then fail to proceed, the offending officer is not thereby immune. It has not been pointed out to us and we are unable to discover from our examination of the statutes prescribing the duties of the offices of the district attorney and Mayor, where one is subordinate to the other or where a contrariety and antagonism would result in the attempt of one person to faithfully and impartially discharge the duties of both. There seems to be only one instance in which the duties of a mayor directly touches the state's interest. By section 90—617, 1929 Comp., he is made a conservator of the peace, in that:

"He shall have and exercise within the city limits the power conferred upon the sheriffs of counties to suppress disorders and keep the peace."

But these duties are not incompatible with those of a district attorney. Applying the test adopted in Haymaker v. State, 22 N. M. 400, 168 P. 248, L. R. A. 1917D, 210, we are of the opinion that the offices are not incompatible.

Article 3 of our Constitution is as follows:

"The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons charged with the exercise of

powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this constitution otherwise expressly directed or permitted."

It has been suggested that this prevents the offices of district attorney and mayor of a city being filled by the same person contemporaneously, upon the theory that the mayor is an executive officer, while the office of the district attorney falls within the judicial branch of the government.

California and Arkansas have constitutional provisions substantially the same as ours, quoted supra, and it has been held in both states, we think correctly, that such constitutional provisions apply to state offices only, and not to municipal offices. See People v. Provines, 34 Cal. 520, followed in Holley v. County of Orange, 106 Cal. 420, 39 P. 790; State v. Townsend, 72 Ark. 180, 79 S. W. 782, 2 Ann. Cas. 377; Peterson v. Culpepper, 72 Ark. 230, 79 S. W. 783, 2 Ann. Cas. 378.

From all of the foregoing, it follows that the judgment must be reversed, and it is so ordered.

WATSON and CATRON, JJ., concur.

PARKER and SIMMS, JJ., did not participate.