[Civ. No. 2130. Fourth Appellate District.—February 24, 1938.]

G. W. WELLS et al., Appellants, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation), Respondent.

Rutan, Mize & Kroese, Robert C. Mize and Harold H. Coyle for Appellants.

Paul M. Gregg, Jerry H. Powell and L. A. Gibbons for Respondents.

MARKS, J.—Plaintiffs brought this action for declaratory relief and an accounting. The controversy arose over the terms of an oil lease executed in April, 1919. It concerned the legal liability of the parties to pay local improvement

assessments levied on leased lands. The trial court held such assessments payable by plaintiffs and they have appealed.

The determination of this issue depends on the interpretation to be placed on paragraph eight of the oil lease which provides as follows:

"TAXES: The Lessee (defendant) shall, during the term of this lease, pay all taxes which may be levied upon or assessed against the buildings, machinery, tools, tanks or other personal property for improvements placed upon the demised lands by the Lessee, or oil or its kindred product stored on said land by the Lessee, and not belonging to the Lessors; and *said Lessee* shall pay five-sixths (5/6) of all taxes which may be levied or assessed against the land covered by this lease, during the term of this indenture, in excess of the taxes levied or assessed for the year 1918, against said land, in so far as the said excess is caused by the production of oil, gas or other hydrocarbon products from said land under this lease. In determining whether such excess is due to the oil and/or gas value thereof, the assessed value of the lands in the same general territory and of similar character (but not leased or operated for oil or gas) shall be considered. All other taxes upon said land, and all special assessments and taxes upon oil or improvements or personal property owned by the Lessors (plaintiffs), or upon improvements or other personal property of the Lessors shall be paid by the Lessors."

Subsequent to the execution of the lease the land was included within an improvement district organized under the Mattoon Act. (Stats. 1925, p. 849.) Plaintiffs maintain that defendant should pay five-sixths of the "Special Assessment Taxes" levied to pay the costs of the improvements made in this district.

It is admitted that if these assessments are taxes and not special assessments defendant should pay all or at least its proportion of the cost of the improvements. If they are not taxes, but special assessments, they should be paid in their entirety by plaintiffs.

The distinction between taxes and special assessments has been clearly made by the courts of California. A tax is a charge placed upon all property, real and personal, lying within a given district or political subdivision. A local assessment is a charge placed upon lands within a given district to pay the benefits which the respective parcels of land

derive from a local improvement. (*Holley* v. *County of Orange*, 106 Cal. 420 [39 Pac. 790] ; *Los Angeles County Flood Control Dist.* v. *Hamilton*, 177 Cal. 119 [169 Pac. 1028] ; *Anaheim Sugar Co.* v. *County of Orange*, 181 Cal. 212 [183 Pac. 809].) Strictly speaking, a local improvement assessment is not a tax at all.

It is clear from the provisions of the Mattoon Act (secs. 3 and 4) that the assessments to be levied to pay the cost of the improvements are laid upon the land and not upon personal property within the district. From this it follows, under the decisions just cited, that the levies here in question are not taxes but assessments for local improvements.

To escape the results of this conclusion plaintiffs urge that as an oil lease is now held to be an interest in real property (*Callahan* v. *Martin*, 3 Cal. (2d) 110 [43 Pac. (2d) 788, 101 A. L. R. 871] ; *Dabney* v. *Edwards*, 5 Cal. (2d) 1 [53 Pac. (2d) 962, 103 A. L. R. 822]) and as local improvement assessments are levied on the land, defendant should be required to pay its part of the assessments. This argument overlooks the provisions of the last sentence of the paragraph of the lease we have quoted. That sentence places on the lessors the obligation of paying "all special assessments". This language is clear and does not permit of judicial interpretation or explanation by parol. (*Security First Nat. T. & S. Bank* v. *Loftus*, 129 Cal. App. 650 [19 Pac. (2d) 297].) As the parties have made their own contract they are bound by its terms. The courts cannot rewrite the clear terms of a lawful contract. (*Boyer* v. *United States Fidelity & Guar. Co.*, 206 Cal. 273 [274 Pac. 57].) It follows that as plaintiffs have contracted to pay "all special assessments" levied, and as the levies under the Mattoon Act here in question are special assessments and not taxes, plaintiffs must pay them.

Plaintiffs have attempted to appeal from the order denying their motion for new trial. Such an order is not appealable. (Sec. 963, Code Civ. Proc.)

The attempted appeal from the order denying motion for new trial is dismissed. The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.