1997-NMCA-045

940 P.2d 181

**Raymond (Tony) P. AGUILAR, Jr., as Municipal Judge of the City of Hobbs, Plaintiff–Appellee,**

v.

**The CITY COMMISSION OF THE CITY OF HOBBS composed of Randy Owensby, Mayor, Don Bratton, Pat Jones, Jimmy Woodfin and Joe Calderon, Defendant–Appellant.**

**No. 17363.**

Court of Appeals of New Mexico.

March 25, 1997.

James W. Klipstine, Jr., Payne & Klipstine, P.A., Lovington, for Plaintiff–Appellee.

Paul J. Pusateri, City Attorney, Hobbs, for Defendant–Appellant.

## OPINION

ARMIJO, Judge.

1. This case concerns the appointment of a temporary municipal judge for the City of Hobbs to act when the elected judge is absent or temporarily incapacitated. Judge Aguilar is the elected judge. He believes that he alone can appoint a replacement to serve as municipal judge during his temporary absence. The Hobbs City Commission (City Commission) contends, on the other hand, that the selection of a temporary municipal judge must conform with the procedures set forth in a city ordinance. The trial court declared that ordinance unconstitutional. At issue here is whether the City Commission acted within its authority in establishing a procedure for filling a temporary vacancy on the municipal court and whether the ordinance in which this procedure is codified violates the New Mexico Constitution. We reverse and hold that the ordinance does not violate the Separation of Powers Clause of the New Mexico Constitution.

## I. BACKGROUND

2. The City Commission has statutory authority to create a municipal court for the City of Hobbs and to set the qualifications and salary for the municipal judge. See NMSA 1978, §§ 35–14–1, –3 (Repl. Pamp.1996). Statutory authority also provides for the manner of filling temporary and permanent vacancies on the municipal court. NMSA 1978, §§ 35–14–4, –5 (Repl. Pamp.1996). Pursuant to these authorities, the City Commission enacted an ordinance creating the Hobbs Municipal Court and setting the qualifications and salary of the municipal judge. Hobbs, N.M., Code §§ 9–23, 9–24, 9–25 (1995). This ordinance provides for the appointment of a municipal judge by the City Commission when there is a perma-

nent vacancy, and sets forth the procedure for designating a municipal judge when there is a temporary vacancy caused by absence or temporary incapacity. Hobbs, N.M., Code § 9–27. According to the ordinance, "the municipal judge may appoint an acting municipal judge to serve during the temporary incapacity or absence of the elected municipal judge from a list of registered voters designated by the city commission[.]" Section 9–27(A). Each year, the City Commission is to prepare a list of persons qualified to act as "acting municipal judge," along with a determination of the compensation for the acting municipal judge. Section 9–27(B), (C).

3. The duly elected municipal judge, Judge Aguilar, filed a declaratory judgment action contending that the City Commission had no authority to require him to select the acting judge from the list that the City Commission compiles. He contended that such a requirement was an infringement on the power and authority of the judiciary and argued that it was within the inherent power of the judiciary to appoint temporary acting judges. He contended that he should be able to appoint whomever he wanted to act as his temporary replacement, so long as that person met the qualifications set by the legislature and the City Commission. Thus, Judge Aguilar argued that the Hobbs ordinance is unconstitutional because it violates the Separation of Powers Clause of the New Mexico Constitution. N.M. Const. art. III, § 1.

4. The City Commission moved for summary judgment on the grounds that the ordinance was constitutional on its face, because the legislature gave the commission the authority under Section 35–14–5 to set up a procedure for selecting an acting temporary municipal judge. The City Commission argued that there was no authority under law for the municipal judge to appoint his own temporary replacement. Judge Aguilar made a counter-motion for summary judgment. Both parties agreed that there were no disputed questions of fact involved and that the district court was being asked to decide, as a matter of law, whether the ordinance providing the procedure for appointment of a temporary municipal judge was constitutional.

5. After a hearing, the trial court determined that the City Commission did not have the authority to designate the list of individuals from which the temporary judge must be selected. The trial court ruled that it was within the control of the duly elected municipal judge to decide who would be the temporary judge. The declaratory judgment was granted to Judge Aguilar. The City Commission appealed.

## II. DISCUSSION

6. The City Commission argues that it properly exercised its statutory authority to establish the procedure for selecting a temporary municipal judge. The legislature has provided that "[t]he governing body [of the municipality] may establish a procedure by ordinance for appointment" to the office of municipal judge when the duly elected judge is incapacitated or absent. NMSA 1978, § 35-14-5. The parties do not dispute that the City Commission is the governing body of the municipality in this case, or that the City Commission has the statutory authority to set the minimum qualifications for the temporary judge. The disagreement is over the list compiled by the City Commission from which the elected municipal judge must select his replacement.

7. Judge Aguilar contends that, by creating a list from which the municipal judge must designate his temporary replacement, the legislative and executive power in Hobbs is, in effect, appointing the replacement. He argues that the City Commission should not be able to designate who will hold the judicial power in the City. To do so, he argues, violates the doctrine of separation of powers. He asserts that the doctrine of separation of powers applies to this case under the authority of *Mowrer v. Rusk*, 95 N.M. 48, 52–53, 618 P.2d 886, 890–91 (1980). The City Commission contends, on the other hand, that the separation of powers doctrine does not apply to this case, relying on case law which holds that the traditional doctrine of separation of powers does not apply to the distribution of power within local governments. *See State ex rel. Chapman v. Truder*, 35 N.M. 49, 52, 289 P. 594, 596 (1930); *Board of County*

*Comm'rs v. Padilla*, 111 N.M. 278, 283, 804 P.2d 1097, 1102 (Ct.App.1990).

8. In *Mowrer*, 95 N.M. at 54–55, 618 P.2d at 892–93, the New Mexico Supreme Court determined that any statutory scheme that gave the executive and legislative branches of municipal government control over the inherent powers of the judiciary would violate the doctrine of separation of powers. The Court found that among these inherent powers are a municipal court's ability to control the hiring, firing and discipline of its personnel as well as the manner in which the municipal court performs its day-to-day administrative functions. *Id.* at 55, 618 P.2d at 893; *see also Southwest Community Health Servs. v. Smith*, 107 N.M. 196, 198, 755 P.2d 40, 42 (1988) (control of pleading, practice and procedure are within court's inherent powers). The Court also stated that any action of the executive or legislative branch of the municipal government which would preclude the Supreme Court or the district court from exercising their superintending or supervisory authority over the municipal court would violate the New Mexico Constitution. *Mowrer*, 95 N.M. at 52–53, 618 P.2d at 891–92.

9. We recognize that the separation of powers doctrine applies to municipalities when the executive or legislative branch of the municipal government attempts to usurp the supervisory control of the Supreme Court or the inherent powers of the judiciary. However, we conclude that *Mowrer* is not controlling because the ordinance at issue in *Mowrer* is distinguishable from the ordinance at issue in the present case. In *Mowrer*, 95 N.M. at 54, 618 P.2d at 892, an ordinance enacted by the City of Albuquerque was found to be an unconstitutional infringement on the inherent powers of the judiciary because that ordinance gave the city's chief administrative officer broad powers to hire, fire and discipline municipal court employees and to control the day-to-day administrative functions of the municipal court. The ordinance enacted by the City Commission in the present case does not go this far; it merely gives the City Commission a role in selecting a temporary municipal judge by allowing the City Commission to supply a list of candidates from which the temporary judge must

be selected. The ordinance does not give the City Commission the power to interfere with the municipal court's control over its employees or its day-to-day administrative functions, nor does the ordinance in any way preclude the Supreme Court or the district court from exercising their superintending or supervisory authority over the municipal court. For these reasons, we conclude that the ordinance at issue in the present case is not unconstitutional under the principles outlined in *Mowrer*.

10. Apart from his reliance on *Mowrer*, Judge Aguilar cites no authority to support his contention that it is within his inherent power to be able to appoint his own temporary replacement. We find no authority under New Mexico law for the proposition that a municipal judge's inherent authority includes the power to appoint a replacement or temporary judge.

11. We are not asked to decide whether a judge can appoint a temporary replacement from a pool of already qualified judges. For example, few would argue that a chief judge could not select one of his fellow judges to act as temporary presiding judge in his absence. To the contrary, Judge Aguilar proposes to bestow on himself the authority to create a new judge, conferring the mantle of judicial power on one previously unappointed where such authority has instead been delegated legislatively to municipalities such as the City of Hobbs in this appeal.

■ 12. "Judicial power can only be conferred upon a person by authority of the law." *State v. Doe*, 91 N.M. 57, 60, 570 P.2d 595, 598 (Ct.App.), *rev'd on other grounds*, 91 N.M. 51, 570 P.2d 589 (1977). Judicial power in this state is conferred by Article VI, Section 1 of the New Mexico Constitution. "[C]ourts inferior to the district courts ... may be established by law from time to time in any district, county or municipality of the state." N.M. Const. art. VI, § 1. While the constitutional power to establish such inferior courts by law generally falls upon the legislature, *see Stout v. City of Clovis*, 37 N.M. 30, 33, 16 P.2d 936, 938 (1932), in this case the legislature has delegated its authority to establish municipal courts to the governing bodies of certain municipalities themselves.

*See* NMSA 1978, §§ 35–14–1, –3. The City Commission is the governing body of the municipality of Hobbs. Hence, the City Commission may confer judicial power by establishing a list of candidates from which a temporary municipal judge must be appointed. *See* NMSA 1978, §§ 35–14–4, –5.

■ 13. If the City Commission fails to exercise this power of appointment, the power to appoint a temporary municipal judge falls to the district court which exercises supervisory control over the municipal court. *See* N.M. Const. art. VI, § 13; Rule 8–105 NMRA 1997. Hence, even if the City Commission failed to exercise its statutory authority to appoint a temporary municipal judge, that power of appointment would fall to the district court, not to Judge Aguilar. The constitution and laws of this State simply do not provide for a residuum of inherent power under which a municipal judge may appoint his own temporary replacement. Affording the municipal judge such an inherent power to appoint his own replacement would conflict sharply with this state's constitutional and statutory framework for conferring judicial power, as well as the framework established by our Supreme Court for exercising its power of superintending control. Hence, we conclude that the ability to appoint a temporary municipal judge is not within the inherent powers of an elected municipal court judge.

■ 14. This conclusion finds further support in the City Commission's statutory authority to make appointments to fill a permanent vacancy on the Hobbs Municipal Court. *See* NMSA 1978, § 35–14–4(C); Hobbs, N.M., Code § 9–23. Appointment of a temporary municipal judge would appear to fall within the broader authority to fill permanent vacancies. However, Judge Aguilar argues that there is a difference between filling a permanent vacancy and appointing a temporary replacement because the temporary appointment is analogous to the court's use of a special master to act in its place in certain proceedings. *Cf.* Rule 1–053 NMRA 1997 (allowing district courts to use special masters in civil cases); *Cooper v. Otero*, 38 N.M. 164, 173, 29 P.2d 341, 346 (1934) (courts

have inherent power to select officers of the court such as receivers). We are not persuaded by that argument or analogy. During his or her appointment, the temporary judge has all the authority of the permanent, elected judge. NMSA 1978, §§ 35–14–5, –6. The temporary replacement judge is more than a mere representative or subordinate of the court who acts in a particular transaction. The replacement *is* the judge. Hence, we conclude that the power to appoint a temporary municipal judge does not fall within any authority that the elected municipal judge might have to appoint special masters or other officers of the court.

## III. CONCLUSION

15. For the foregoing reasons, we conclude that the procedure established by the City Commission for appointment of a temporary municipal judge falls within the Commission's statutory authority and does not infringe on the inherent powers of the judiciary at the municipal level. The provisions of the City Commission's ordinance regarding appointment of temporary municipal judges do not violate the Separation of Powers Clause of the New Mexico Constitution. The Judgment of the district court is reversed.

16. **IT IS SO ORDERED.**

APODACA and BOSSON, JJ., concur.