[Civ. No. 4738. Third Appellate District.—February 16, 1933.]

H. L. LYNCH, Appellant, v. PAUL MELBY, Respondent.

Ray H. Enter and Frank A. Enter for Appellant.

G. Roy Garnett for Respondent.

BURROUGHS, J., *pro tem.*—This action was brought to quiet plaintiff's title to the land described in the complaint. The defendant answered denying plaintiff's title thereto and alleging title in himself. By way of a cross-complaint the defendant seeks declaratory relief under the provisions of sections 1060 et seq. of the Code of Civil Procedure. The plaintiff admits the existence of an actual controversy as defined in the code sections above referred to, but denies the other material allegations of the cross-complaint. Judgment went for defendant and cross-complainant, and plaintiff appeals.

It appears from the evidence that on November 18, 1925, John S. Holmstrand and Ida S. Holmstrand, the predecessors in interest of the plaintiff in this action, conveyed to the defendant Paul Melby the property in dispute, subject to the following exceptions: "Save and except that said John S. Holmstrand and said Ida S. Holmstrand shall together be entitled to one per cent of all oil produced, or that may be produced, from said lots, or any of them, but, in the event that said Paul Melby shall hereafter sell said lots, or any of them, then, in lieu of the foregoing share in any oil produced, or that may be produced, on or from said lots thus sold, said Holmstrand and wife, shall, at the time of such sale, be entitled to, and shall receive Three per cent (3%) of the purchase price of said lot or lots thus sold, and said lots thus sold shall be free from any claim by said Holmstrand and wife, or either of them, because of any oil produced, or that may be produced, thereon or therefrom."

The court found that since the execution and delivery of the deed of conveyance above referred to no oil has ever been produced on any of the lots nor are there any oil leases in existence on said lots; also that since the plaintiff, as the successor in interest of the Holmstrands, has acquired their interest therein, the defendant Melby has sold lots 5 and 22 of said tract of land to one Emily I. Ward for the sum of $1800 cash and that he has tendered to the plaintiff

the sum of $54, being three per cent of the purchase price as provided in said deed, but that the plaintiff has refused to accept said sum or to release said lots as provided in the deed from Holmstrand and wife to him.

■ Appellant first contends that there is no evidence of a sale of lots 5 and 22. In answer to this contention the record shows that the respondent testified that he had an escrow for the sale of said lots for the sum of $1800 to one Emily I. Ward, that his attorney had notified the appellant that the sale had been made and that there was on deposit in the bank for him the sum of $54, being three per cent of the purchase price, and requested a release of said lots 5 and 22; but that appellant had refused to release the same or execute a deed for that purpose. The respondent further testified that no oil had been produced on said land, that there were no oil-wells or any drilling for oil on the tract of land and that there were no oil leases covering the same or any part thereof. We think that this evidence sustained the findings of the court as above set out.

■ The court also found that the appellant is not the owner of one per cent of all oil produced on said lots unless said oil is actually produced prior to a sale by respondent and only at the time of the sale is the appellant entitled to three per cent of the purchase price upon his releasing the lot or lots so sold from the effect of his oil rights. This last finding presents the real controversy between the parties and requires a construction of the exception contained in the deed and which has already been set out herein. It will be noted from a reading of the above exception that the grantors shall together be entitled to one per cent of all oil produced, but it also gives to the grantee named in the deed the power to sell said property or any part thereof free of any claim of the grantor or his successors in interest upon paying to the latter in lieu of the said oil rights three per cent of the purchase price and it is therein stated that upon said payment then and in that event the property shall be free and clear of all claims of the grantors for any oil produced or to be produced thereon or therefrom. It is clear from the expression above used that the estate conveyed was a fee-simple title, but if oil was produced before the grantee sold the lots then the grantor

therein named was entitled to one per cent thereof and not otherwise.

It is further urged by the appellant that he has a right under the exception clause to be consulted in the fixing of the price for which said lots or any one of them may be sold by the grantee. However, it is clear that the only right reserved to the grantor or his successors in interest is to receive three per cent of the sale price. There is no intimation that any control other than this one interest is reserved to him or them. Oral evidence is not admissible to vary the terms of a written instrument if the language is clear and does not involve an absurdity. (Secs. 1638, 1639, Civ. Code.)

Complaint is also made of a finding by the court that appellant's predecessors in interest accepted three per cent of the purchase price of one other lot in a sale previously made by the defendant. In reply to this it is sufficient to say that in view of the foregoing construction placed upon the exception clause, such a finding becomes immaterial. We are of the opinion that under the plain reading of the deed its intent and purpose is clear and upon the sale of a lot or lots the respondent, upon paying three per cent of the purchase price to the appellant, has a right to receive a deed from the latter for his interest therein.

The judgment is affirmed.

Plummer, Acting P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1933.