[Civ. No. 2586.    Fourth Appellate District.—February 6, 1941.]

LAURENCE B. NOURSE et al., Respondents, v. ELLEN KOVACEVICH, Appellant.

Iener W. Nielsen and Harold V. Thompson for Appellant.

Harvey, Johnston & Baker for Respondents.

KLETTE, J., *pro tem.*—On October 4, 1930, plaintiffs and respondents, entered into a contract to sell to John J. Kovacevich and David Freedman, certain real property in Kern County. On October 29, 1937, in accordance with said contract, plaintiffs and respondents, deeded said real property to John J. Kovacevich, who had acquired the interest of David Freedman. Title to the real property later passed to Ellen Kovacevich, defendant and appellant. Both the contract and deed contained the following reservations as to oil royalties:

"It is understood and agreed that the sellers do hereby reserve from the land herein mentioned an equal one-eighth of any royalty of all oil, gas, gasoline or other hydrocarbon substances developed on or received from said land, together with one-eighth of any cash bonus received from said land, and that said property is sold subject thereto, and second party shall have the right to lease said land for oil development without signature or authorization of first party, . . . ".

On January 3, 1935, about four years and three months after the contract of sale was made, but before the deed was executed, an oil and gas lease was placed on the real property, by the parties, which provided for a one-eighth royalty.

This action was instituted by plaintiffs and respondents, against defendant and appellant, for declaratory relief under section 1060 of the Code of Civil Procedure. The complaint alleges that an actual controversy has arisen, between plaintiffs and defendant, relative to said reservation of oil and gas royalties, plaintiffs claiming they are entitled to one-half

thereof, and that defendant claimed that plaintiffs were only entitled to one-eighth thereof, and that she, the defendant, was entitled to seven-eighths thereof.

After answer was filed, a trial was had before the court, without a jury, and evidence was received as to the surrounding circumstances, conversations, and understanding of the parties, at the time the contract was made. The court found for plaintiffs and respondents, and against defendant and appellant, on all of the issues, and entered its judgment in accordance therewith, that plaintiffs and respondents were to receive one-half of all royalties from said land, and that defendant and appellant was to receive one-half of said royalties. Appeal was taken by defendant from this judgment.

■ It is the established law, that when the terms of an agreement have been reduced to writing, by the parties, it is to be construed as containing all the terms of the agreement, and there can be, between the parties and their representatives or successors in interest, no other evidence of the terms of the agreement, than the contents of the writing, except (1) where a mistake or imperfection in the writing is put in issue by the pleadings, (2) where the validity of the agreement is the fact in dispute, or (3) to explain an ambiguity in the agreement. (Sec. 1856, Code Civ. Proc.; sec. 1625, Civ. Code; *First Bond & Mortgage Co.* v. *Malouf,* 37 Cal. App. (2d) 74 [98 Pac. (2d) 824]; *Williams* v. *Silverstein,* 213 Cal. 269 [2 Pac. (2d) 165]; *Lynch* v. *Melby,* 129 Cal. App. 646 [19 Pac. (2d) 49]; *Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808]; *Estate of Gaines,* 15 Cal. (2d) 255 [100 Pac. (2d) 1055].)

This case does not come under the first or second clauses above mentioned, but under the third clause, and is based upon the claim that an ambiguity exists in the reservation clause in the contract and deed.

■ The parol evidence rule, as is now universally recognized, is not a rule of evidence, but is one of substantive law. It does not exclude evidence for any of the reasons ordinarily requiring exclusion, based on the probative value of such evidence, or the policy of its exclusion. The rule, as applied to contracts, is, simply, that as a matter of substantive law, the act of embodying the complete terms of an agreement in a writing, *becomes the contract of the parties.* Extrinsic evidence is excluded, because it cannot serve to prove what an agreement was, this being determined as a matter of law, to

be the writing itself. The rule comes into operation, when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded. (*Estate of Gaines, supra*; *Hanrahan-Wilcox Corp.* v. *Jenison Machinery Co.*, 23 Cal. App. (2d) 642 [73 Pac. (2d) 1241]; *Rottman* v. *Hevener*, 54 Cal. App. 474 [202 Pac. 329].)

We find no ambiguity in the writing involved in this appeal, hence, parol evidence was not admissible to explain away an ambiguity. The words, ''equal one-eighth of any royalty of all oil, gas,'' etc. ''together with one-eighth of any cash bonus received from said land,'' can only mean one thing, and that is, that respondent grantors reserved to themselves, one-eighth of any royalties, and one-eighth of any bonus. The words ''equal one-eighth'', can only mean an amount equal to each of the other one-eighths. Certainly it did not mean that they had reserved a ''one-half of all royalties from said premises,'' as the court held. The use of the words, ''any royalties'', used in the phrase, under consideration, indicates that the parties did not, at that time, have in mind any specific royalties which might be obtained under a lease, but rather, whatever the royalties received, the respondents were to receive an ''equal one-eighth'' thereof. Had they meant one-half, why did they not say ''equal one-half'', instead of ''equal one-eighth''?

Where the plain, unambiguous wording of a contract, permits a complete fulfillment of the obligations assumed, and promotes the object of the agreement, that construction is to be preferred, to one dependent upon forced addition to or elimination of, the terms of the agreement. (*Winship* v. *Wilkes*, 121 Cal. App. 44 [8 Pac. (2d) 502]; *Oberwise* v. *Poulos*, 124 Cal. App. 247 [12 Pac. (2d) 156].)

It is not the province of the court to alter a contract by construction, or to make a new contract for the parties, nor can the court rewrite the clear terms of a lawful contract. (*Wells* v. *Union Oil Co.*, 25 Cal. App. (2d) 165 [76 Pac. (2d) 696]; *Grey* v. *Tubbs*, 43 Cal. 359; *Greene* v. *Vargas*, 7 Cal. App. (2d) 127 [45 Pac. (2d) 347]; *Hill* v. *General Petroleum Corp.*, 128 Cal. App. 284 [16 Pac. (2d) 1035].)

The court holds that there is no ambiguity in the reservations in the contract and deed, which the trial court was called upon to construe; that the trial court erred in admitting oral testimony of the statements and intentions of the parties

at the time the contract was made; and that the trial court has, by its judgment, made a new and different contract for the parties, than that which they entered into.

The judgment appealed from is reversed.

Barnard, P. J., and Marks, J., concurred.