[Civ. No. 7314.   Third Dist.   Apr. 29, 1947.]

A. A. HAGER, Appellant, v. J. W. GODDARD, Respondent.

Grover C. Julian for Appellant.

Arthur J. Anderson for Respondent.

SCHOTTKY, J. pro tem.—Plaintiff and appellant commenced an action against defendant and respondent, alleging that plaintiff performed services as the manager of defendant's shoe store at Susanville, that defendant agreed to pay plaintiff a weekly salary, one-third of all net profits, and "a further commission on gross sales, where goods were sold on a mark-up of over forty per cent," and that the balance unpaid from defendant to plaintiff is the sum of $1,498.97. Following the filing of defendant's answer denying the allegations of the complaint, the cause was tried by the court, sitting without a jury, and the court made the following findings of fact:

"*First:* That during the year 1943, plaintiff A. A. Hager worked for defendant J. W. Goddard, as manager of a shoe store in Susanville, California, for a period of six months.

"*Second:* That plaintiff was to receive for his services $40.00 per week, plus one-third of the profits of said store.

"*Third:* That plaintiff has received from the defendant the sum of $40.00 per week for his services, plus one-third of the profits of said store, and has been paid in full, under the terms of said contract.

"*Fourth:* That each and all of the allegations set forth in plaintiff's complaint herein not consistent with the findings herein set forth, are untrue."

Judgment was entered in favor of defendant in accordance with said findings, and this appeal is from said judgment.

The principal, and in fact, the only contention of appellant is that the judgment is contrary to the evidence. We shall, therefore, give a brief summary of the evidence.

Respondent owned a shoe store at Susanville, California, and also one at Grant's Pass, Oregon, where he resided. He evidently desired to have appellant manage the Susanville store, and on March 5, 1943, appellant telegraphed respondent as follows: "Offer acceptable, would like written agreement of Forty weekly draw plus third profits for time employed as we discussed. . . . Answer Western Union collect if accepted." To which respondent replied on March 6, 1943: "Wire received. Written agreement OK. Salary OK. Look for you Thursday." Appellant thereupon went to Susanville and took charge of respondent's shoe store and continued in

said employment until about the middle of September, 1943, a period of approximately six months. He drew the sum of $40 per week. Upon the termination of appellant's employment there was some discussion between appellant and respondent as to what was due appellant. Appellant introduced into evidence what he and his counsel referred to as a "tentative" or "estimated" settlement which was in respondent's handwriting and read as follows:

"Sales        $18746.27
Est Profit Gross at 40%              7498.50
    Less Expense                     4925.04

                              ⅓/  2573.46

                                  $857.82"

Respondent thereupon paid appellant the sum of $857.82 which together with the sum of $171.56 withholding tax made a total payment to appellant of $1,028.38. Appellant evidently claimed that he was entitled to more money, and on September 14, 1943, after the termination of said employment, respondent gave appellant a statement reading: "Will pay any increase of markup over 40% on Sales of $18,746 Jan 1944."

Appellant argues that he was entitled to receive any and all increase of markup over 40 per cent on individual sales and that the markup ran from 45 per cent to 50 per cent. Respondent argues, and the evidence introduced by him tends to show, that the average markup was from 38 per cent to 40 per cent. We have read the record carefully and it must be stated that it is not very clear just what the situation was, but, in our opinion, the evidence preponderates in favor of the position of respondent and the findings of the trial court. The burden of proof was upon appellant to prove the allegations of his complaint by evidence which clearly established the truth of said allegations. The following language of our Supreme Court in *Reese* v. *Smith,* 9 Cal.2d 324, at page 328 [70 P.2d 933], is singularly applicable to the record in the instant case:

"In that connection it should be noted that upon the issues raised by the pleadings, the plaintiff was bound to assume the burden of proof and in the end prevail by a preponderance of the evidence. If the existence of an essential fact upon which a party relies is left in doubt or uncertainty, the party upon whom the burden rests to establish that fact should

suffer, and not his adversary. (*Patterson* v. *San Francisco etc. Ry. Co.*, 147 Cal. 178 [81 P. 531].) A judgment cannot be based on guesses or conjectures. (*Puckhaber* v. *Southern Pac. Co.*, 132 Cal. 363 [64 P. 480].) And, also, 'A finding of fact must be an inference drawn from evidence rather than on a mere speculation as to probabilities without evidence. A majority of chances never can suffice alone to establish a proposition of fact, since the slightest real evidence would outweigh all contrary probabilities.' (23 Cor.Jur., sec. 1750, p. 18.)''

It is a rule too well established to require the citation of authority that when a judgment is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the court. Bearing in mind this familiar rule, we are convinced that there is ample evidence in the record to sustain the determination of the trial court that appellant had been fully compensated under the terms of his agreement with respondent.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.