[Civ. No. 6435. Fourth Dist. Sept. 16, 1960.]

ANDREW J. MILLS, Appellant, v. VISTA POOLS, INC. (a Corporation), Respondent.

Clodfelter, Graves, Hewins & Marsh and Robert R. Clodfelter for Appellant.

Robert F. Bruce for Respondent.

SHEPARD, J.—This is an action for damages for breach of contract to construct a swimming pool. After trial before the court, without a jury, judgment was rendered to the plaintiff in the sum of $595. Plaintiff's motion for a new trial was denied.

Plaintiff appeals on the ground that findings and judgment are not supported by the evidence, insisting that the amount awarded was inadequate under the evidence presented.

Plaintiff's complaint alleges, in substance, that defendant entered into an agreement in writing with plaintiff, wherein defendant agreed to build a private swimming pool for plaintiff on his property; that plaintiff has performed his part of the agreement; that defendant has failed to complete the pool according to contract; that plaintiff has been damaged in the sum of $8,500 by reason of said breach of agreement.

Defendant's answer denies plaintiff's performance; denies defendant's alleged failure to perform; and denies plaintiff's alleged damage.

The pretrial order, to which no objection appears to have been filed, states the issues to be: (1) full performance of contract by plaintiff; (2) breach of contract by defendant; (3) damages.

Preliminarily plaintiff and defendant stipulated in open court that the court might appoint an independent expert to examine the pool, the various reports of the expert, and other documents already submitted and received in evidence at the time of the pretrial hearing; that the court's expert would submit a report and that each party might submit such supplementary reports from other experts as they might desire; that the matter would then be called for argument of counsel and the matter would finally be submitted on such reports, exhibits and argument of counsel. The record does not disclose that any oral evidence was ever received. This format of trial was followed.

After submission of the various exhibits and the argument of counsel, the court found for plaintiff on the following items of damage: Filter, $50; underwater light, $60; ladder, $115; diving board, $100; skimmer and disc, $30; spout, $20; rope anchors, $20; pool coping, $200; or a total judgment in plaintiff's favor in the sum of $595.

Plaintiff complains that, under the evidence, this judgment is insufficient in that the evidence showed, without contradiction, a damage of at least $2,643.62.

The clerk's minutes and the transcript of the hearing show

considerable confusion in the numbering of exhibits. For clarity's sake, we shall use the exhibit numbers actually shown on each exhibit as forwarded to this court by the trial court. Plaintiff apparently introduced in evidence Exhibits Numbers 1 to 13, inclusive, 15 to 19, inclusive, 22 and 23. Defendant introduced in evidence Exhibits A, B, C and D.

An examination of the exhibits, which are the sole evidence received in the case, shows an agreement (defendant's Exhibit C) by defendant to construct for plaintiff a swimming pool of trapezoid shape 18 by 34 feet in area and of a depth of 3 feet at the shallow end and 7 feet at the deep end. The structure was to be of gunnite concrete and while the contract is somewhat uncertain, it appears that it intended that an interior surfacing of fibreglass be applied, with a coping around the top of the concrete wall, said coping to be of precast, colored concrete blocks. The owner was required to be responsible for any extra cost entailed by underground obstructions, water strata seepage, hard rock, compacting the filled ground, and increasing existing utility capacity. The contractor agreed to install the precast colored coping, a recessed surface skimmer and 80-10 diatomite filter, ½-inch water line to connect owner's domestic system to the pool, underground wiring supplied by owner, rope anchor at shallow end, one 10-foot diving board, one 2-tread chrome ladder, all work to be done in a good workmanlike manner. Nothing is said about a concrete walk or "deck" around the outside of the pool.

Plaintiff's Exhibit No. 1 is a statement dated November 3, 1958, from Poolquip of San Diego, that certain filter covers and chlorine materials were delivered to Jack Mills and not paid for. Plaintiff's Exhibit Number 2 is a letter dated June 5, 1958, from Trepte Construction Company, in general substance stating that Mr. Mills refused to allow examination of the pool and assuring of their readiness to repair, if necessary. Plaintiff's Exhibit Number 3 is a statement from H. Vance Baker Construction Company, dated May 8, 1959, apparently offering to construct a pool with somewhat similar installations to those provided by the contract except that it provides for 4-foot colored concrete deck on three sides of the pool and 10-foot deck on the fourth side of the pool (this would amount to approximately 754 square feet of concrete not mentioned at all in the contract), for the total sum of $2,380. From its appearance it seems to have been used by the court as a means of making notations of his allowances. The amounts to be allowed for each item are not otherwise

provided. The figures on the margin, which do not appear to have been a part of the original, indicate: Install filter, $50; install light, $60; install ladder, $115; install diving board, $100; install skimmer and disc, $30; install fillspout, valve sleeves and lifeline anchor, $20; cleaning, $20; or a total of $395.

Plaintiff's Exhibits Numbers 4 to 13, inclusive, and 15 to 19, inclusive, appear to be photographs showing various views of the top, exterior and interior of the pool. Plaintiff's Exhibit Number 22 is a letter dated October 2, 1959, from H. Vance Baker Construction Company indicating that the cost of removing the fibreglass material, sandblasting and acid washing in preparation for plaster to be $600; that tile should be placed at the waterline with coping on top of a bond beam at a cost of $335; that the interior pool surface should be plastered with marblite at a cost of $650, that concrete walk areas should be provided around the pool adjacent to the coping at a cost of $1,250. Plaintiff's Exhibit Number 23 is a bid form dated September 27, 1959, indicating the cost of installing 100 feet of underground conduit and for certain wiring in the amount of $160.

Defendant's Exhibit A is an estimate from Freeland & Bird, dated July 14, 1958, with a supplementary letter under date of September 30, 1959, giving cost estimates on certain reconstruction work, but without relating itself to specific defects nor to contract requirements. Defendant's Exhibit B is a statement from Earl P. Warren and Son proposing to install coping, ladder and diving board for the amount of $250, and that when such work has been done the pool would be in a good and serviceable condition. Defendant's Exhibit D is a report to the court from Stanley Burne, structural engineer who was appointed by the court as its disinterested expert under the stipulation hereinbefore referred to. His report states that he found no defects in the pool as he observed it, nor any sign of structural inadequacy. He did find that the coping, diving board and ladder had not been installed, and that when these three items were put in, the pool would be in usable condition.

From the foregoing, it will be seen that Warren placed $250 as the cost of installation of coping, ladder and diving board; that there is no evidence of wiring defects; that the opinion of H. Vance Baker Construction Company that the fibreglass should be removed is in direct conflict with the opinion of the court's expert, and the mention of tile, marblite and deck

around the pool is not in accordance with the contract of the parties, as shown by defendant's Exhibit C. Plaintiff's Exhibit Number 1 appears to have no relation or tie-in with the contract. Plaintiff's Exhibit Number 2 merely exhibits willingness to perform. Plaintiff's Exhibit Number 3, if it was put in without the itemized figures is not in accordance with the contract and is not usable. If the red pencilled figures were on the exhibit, then it exactly conforms to the judgment of the court as to those items mentioned. The photographs are of no evidentiary value without oral testimony to explain them, none of which was offered or given. Apparently the court took $200 as the figure for installing the coping from the oral argument of counsel and from unsworn oral statements not wholly identified as to source, by the record.

Statements of counsel not under oath nor by way of stipulation or admission are not evidence. (48 Cal.Jur.2d 150 (§ 104) ; *Armstrong* v. *Kline,* 64 Cal.App.2d 704, 714 [8] [149 P.2d 445].)

Thus, it is apparent that the actual evidence received by the court is of doubtful sufficiency to support even the amount awarded by the court, but the plaintiff cannot complain on appeal of an award larger than the amount the evidence shows.

Furthermore, even if by assumption some of the reports could be said to be evidence of the necessity for repair of the body of the pool, we would be confronted merely with a conflict of evidence. There was some argument by counsel relative to the sufficiency of the filter. An allowance therefor appears to have been made by the court. However, no connected evidence thereon was received or offered.

The burden of proof is on plaintiff as to those allegations of his complaint which were placed in issue. (Code Civ. Proc., § 1981.) If it could be said that plaintiff's evidence was sufficient to produce a conflict, we are confronted by the familiar rule that when the appeal is on the ground of insufficiency of the evidence, the power of the appellate court extends only to a determination as to whether or not there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the court (*Hager* v. *Goddard,* 79 Cal.App.2d 380, 383 [179 P.2d 841] ; *Brewer* v. *Simpson,* 53 Cal.2d 567, 583 [1, 2] [2 Cal.Rptr. 609, 349 P.2d 289]), and that the granting or denial of a motion for a new trial on the insufficiency of the evidence rests in the sound discretion of the court. (*Thompson* v. *Blum's Inc.,* 139 Cal.App.

2d 140, 144 [293 P.2d 82] ; *McFarland* v. *Voorheis-Trindle Co.,* 52 Cal.2d 698, 707 [12] [343 P.2d 923].) In the case at bar we find no abuse of discretion. Neither can the trial court rewrite or provide new terms for a contract which is plain and unambiguous on its face. (*Nourse* v. *Kovacevich,* 42 Cal. App.2d 769, 772 [5] [109 P.2d 999].)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied October 13, 1960.