Filed 12/2/25

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Appellant,<br><br>    v.<br><br>MALCOLM D. HOLLIDAY,<br><br>       Defendant and Respondent. | C102760<br><br>(Super. Ct. No. CR-2023-2223-AP-2) |

APPEAL from a judgment of the Superior Court of Yolo County, Samuel T. McAdam, Judge. Reversed with directions.

Jeff Reisig, District Attorney and Frits Van Der Hoek, Supervising Deputy District Attorney, for Plaintiff and Appellant.

Law Office of Christopher Parkhurst and Robert Ward, retained counsel for Defendant and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part I of the Discussion.

1

SUMMARY OF THE APPEAL

The People accused defendant Malcolm D. Holliday of misdemeanor driving under the influence of alcohol. Defendant petitioned for and was granted pretrial diversion under Penal Code section 1001.80, subdivision (b) (statutory section citations that follow are to the Penal Code unless otherwise stated), which gives courts discretionary authority to grant diversion when a person is or was a member of the military and may be suffering substance abuse because of their service.

The People filed an appeal with the appellate division of the superior court arguing the superior court's order was not supported by sufficient evidence. The appellate division disagreed and we ordered the case transferred to this court.

The People argue defendant failed to provide evidence he suffered from alcohol abuse due to his military service and, thus, did not show he was qualified for diversion under section 1001.80, subdivision (b). The parties also dispute when the trial court's order became final for purposes of measuring the timeliness of this appeal.

We will reverse with directions to conduct a new hearing.

FACTS AND HISTORY OF THE PROCEEDINGS

Complaint, Motion for Military Diversion, and Opposition to Motion Filed

The People filed their complaint in July 2023. Count one accused defendant of misdemeanor driving under the influence in violation of Vehicle Code section 23152, subdivision (a). Count two accused defendant of driving with a blood-alcohol concentration above 0.08 percent, in violation of Vehicle Code section 23152, subdivision (b). An enhancement to both counts alleged defendant willfully and unlawfully drove a vehicle with a blood-alcohol concentration of 0.15 percent or more, within the meaning of Vehicle Code section 23578.

In November 2023, defendant filed a motion under section 1001.80 for military pretrial diversion (the motion). According to the motion, defendant enlisted in the Air

2

Force in December 2019, was still enlisted at the time the motion was filed and intended to make a career of his Air Force service. Counsel wrote that defendant's "Substance Use Disorder (alcohol) began after he was stationed in Qatar from September 2021 to November 21, 2021. He was newly married, and dealt with stress of deployment, and family disintegrating with him not home. He lived with a culture of working and playing hard, which meant a lot of drinking. These issues continued when he was deployed to UAE from April 2022 to October 2022." Counsel also wrote, "Mr. Holliday is serving our country in the United States Air Force. He started using alcohol as a way to reduce the effects of his stress that came from military life. Mr. Holliday is in the class of persons that [] § 1001.80 was designed to benefit."

Defendant did not file any exhibits or a declaration with the motion. Defendant did not cite any exhibits or testimony in support of his representation that he was a member of the armed forces and began misusing alcohol while deployed.

In their opposition to the motion, the People offered a description of events that led to the charges against defendant, alleging the facts came from a police officer's report regarding the incident. According to the People, in the early hours of June 6, 2023, a police officer observed defendant driving on the shoulder of a road and failing to stop at a stop sign. The officer made a traffic stop. After noticing signs of intoxication, the officer tested defendant for driving-under-the-influence which led to defendant's arrest. Defendant agreed to give a blood sample after he was arrested and the test results showed defendant's blood-alcohol level to be 0.33 percent.

In opposing the motion, the People argued defendant had not provided any documentation that showed he had been diagnosed with a substance abuse disorder. Thus, according to the People, defendant had failed to establish his eligibility for diversion under section 1001.80, subdivision (b).

Before the hearing on the motion, a deputy probation officer filed a pretrial status report, which the court received. According to the report, "defendant is active-duty Air

3

Force.  The defendant was reminded to reach out to his attorney with any questions regarding the criminal process or potential military diversion programs."

### December 2023 Hearing and Initial Order Granting Diversion

At the December 6, 2023, hearing on the motion, defendant submitted his unexpired military identification card for inspection by the trial court which demonstrated he was an active duty member of the U.S. Air Force.  No other documents or records were submitted to the court by either party.

Defense counsel stated defendant's substance abuse significantly increased while he was deployed in Qatar.  Defense counsel said the increase was due to military culture and the stress of defendant's marriage due to deployment.  Defense counsel also stated that after his arrest for the DUI, defendant participated in a mandatory U.S. Air Force treatment program.

No one other than defense counsel made factual statements on defendant's behalf.  Defendant answered direct questions posed to him by the court regarding his mandatory Air Force treatment and the program's terms and conditions.  No other persons offered unsworn statements or sworn testimony during the proceedings.

The deputy district attorney did not make any factual assertions on behalf of the People or in opposition to the motion.  The People relied on the state of the evidence to oppose the motion.

The trial court found defendant eligible for diversion and granted the motion.  The trial court ordered defense counsel to provide the court and the People information regarding the Air Force treatment program defendant was participating in.  The trial court ordered defendant to complete the requirements of the Air Force program.

The trial court did not set a termination date for diversion on the record, and it set the matter for a review of defendant's status on June 6, 2024, which was later continued to June 14, 2024.

4

Defendant submitted military documents to be considered at the June 14, 2024, hearing. Included was a May 13, 2024 "Memorandum for Record" from the Department of the Air Force, 60th Operational Medical Readiness Squadron at Travis Air Force Base California that stated defendant had been "referred to" the Air Force's Alcohol and Drug Abuse Prevention and Treatment (ADAPT) program on June 12, 2023, and was evaluated on June 27, 2023, and "did not meet criteria for a substance use disorder." The memorandum said defendant had completed ADAPT education requirements in August 2023, and he began to attend meetings and appear for random tests in January 2024. It stated defendant had been engaged in ADAPT care, and his random tests consistently showed no alcohol use.

Other documents provided evidence of the dates of defendant's participation in the ADAPT program and showed random tests did not detect alcohol in defendant's system.

At the June 14, 2024, hearing the trial court and parties reviewed defendant's status in the military diversion program. Defense counsel stated that defendant had been involved in the ADAPT program, and that his second or third round in the program was nearly finished. Defense counsel suggested defendant should be allowed to transition to a community-based aftercare service. The defense proposed defendant be allowed to continue diversion using community-based services like Alcoholics Anonymous or LifeRing.

The deputy district attorney requested the trial court "set defined terms of diversion so that we know what the requirements are."

The trial court ordered defendant to participate in LifeRing for three meetings a week beginning after his last ADAPT session, to sign a *Watson* Advisement, and to enroll in and complete a random alcohol testing program. The trial court ordered defendant to provide regular status updates on his LifeRing participation. The court set a one-year

term for diversion, calculated from the date defendant entered the program in December 2023, when the court entered the order granting diversion, with an expiration date of December 6, 2024.

The court set return dates, "just to show proof he's continuing to remain sober and to complete his . . . classes" in August and October 2024, and a return date to close the case in December 2024.

Trial Court Appeal and Transfer to this Court

On June 18, 2024, the People filed a notice of appeal of the June 14, 2024, order in the appellate department of the Yolo County Superior Court. The appellate division later issued an opinion affirming the trial court's decision and held that the record adequately supported the trial court's determination that defendant was eligible for diversion. The appellate division also decided the appeal was timely.

Before finding the record adequately supported the trial court's ruling, the appellate division determined what type of evidence a trial court could consider in ruling on a motion for misdemeanor pretrial diversion under section 1001.80, subdivision (b).

The court noted that under section 1001.36, subdivision (e), hearings to determine a defendant's eligibility for mental health diversion, "may proceed on offers of proof, reliable hearsay, and argument of counsel." The appellate division recognized that section 1001.80, subdivision (b), did not set forth the information the trial court could rely upon to determine eligibility, but stated there were "parallels between the two statutes." The appellate division concluded, "the standard articulated in subdivision (e) of section 1001.36 . . . applies to military diversion, allowing the trial court to rely on offers of proof, reliable hearsay, and argument of counsel when determining a defendant's eligibility."

The appellate division certified its opinion for publication.

6

The superior court later filed a copy of the appellate division's publication order in this court to which it attached the decision of the appellate division, "to assist [this court] in deciding whether to order the case transferred to the court on the court's own motion." On January 31, 2025, we ordered the case transferred to this court under California Rules of Court, rule 8.1002, and asked the parties to address all issues raised below, including whether the notice of appeal was timely filed.

DISCUSSION

I

*Timeliness of the Appeal*

A.     The Appeal Was Taken Pursuant to Section 1466, Subdivision (a)(2)

The People argue the court's order granting diversion was an appealable order, and that it was taken under section 1466, subdivision (a)(2). Defendant does not dispute that the order was at one point appealable but argues any right to appeal would be found in section 1238, subdivision (a)(1) or (a)(8).

The People did not begin the appellate process by seeking appellate relief in this court. They, correctly, sought appellate relief in the appellate division of the superior court. "In criminal cases, the Courts of Appeal have 'appellate jurisdiction over appealable orders from "felony case[s]," ' and 'the appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from "misdemeanor case[s]." ' (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 [], citing §§ 1235, subd. (a), 1466, & Cal. Const., art. VI, § 11.)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1093.)

The right of the People to appeal a judgment or order in a misdemeanor case to the appellate division of the superior court is conferred by section 1466, subdivision (a). In contrast, section 1238 governs when the People have a right to appeal in felony cases.

7

(See Stats. 1998, ch. 931, § 396 p. 234 [Legislative enactment changing the heading for the title in which § 1238 appears to "APPEALS IN FELONY CASES"].)

Because this was a misdemeanor case the appeal was authorized under section 1466, subdivision (a)(2), which permits the People to take an appeal in a misdemeanor case to the superior court's appellate division, "[f]rom an order . . . dismissing or otherwise terminating all or any portion of the action . . . before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

B.    The People's Notice Was Timely

In misdemeanor cases, "[a] notice of appeal must be filed within 30 days after the rendition of the judgment or the making of the order being appealed." (Cal. Rules of Court, rule 8.853(a).) At issue here is when this 30-day time period began to run on the People's deadline to file an appeal. The People argue the diversion order was not a final and appealable order until June 14, 2024, when the trial court set the terms of diversion. Defendant argues that, for purposes of determining the timeliness of this appeal, the order was appealable on December 6, 2023, when the court entered its first order granting diversion. On this point, we agree with the People.

*People v. Wright* (1975) 47 Cal.App.3d 490 (*Wright I*) is instructive. In *Wright I*, the Court of Appeal considered whether an order granting diversion under then sections 1000 through 1000.3 was an appealable order. (*Id.* at p. 492.) The court held that "the order granting diversion" was final for purposes of appellate review and, "[h]ence . . . an appealable order." (*Id.* at pp. 492-493; see also *People v. Bagby* (1977) 74 Cal.App.3d 986, 987 ["a diversion order is appealable by the People to test the availability of diversion to the defendant"].) The court reasoned, " '[i]t is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or

8

noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' (*Lyon v. Goss*, 19 Cal.2d 659, 670 [].)" (*Wright I*, at pp. 492-493; see also *People v. Wright* (2002) 99 Cal.App.4th 201, 204 [applying *Wright I* to find the People were entitled to appeal from an order granting deferred entry of judgment]; accord *People v. Mazurette* (2001) 24 Cal.4th 789, 797.)

Focusing on the *Wright I* court's reasoning that the substance and effect of a decree are what determine if it is an appealable order, defendant argues the December 6, 2023, order granting diversion is the appealable order here. But this argument ignores the "general test" articulated by the *Wright I* court to determine finality. (*Wright I*, *supra*, 47 Cal.App.3d at pp. 492-493.) On the record before us, the order of December 6 did not reach a point where only the fact of compliance or noncompliance remained for consideration; nor did the trial court make a final statement on the rights of the parties in the diversion until the June 14, 2024, hearing. (*Ibid.*)

At the December 6, 2023, hearing the trial court ordered the defendant to "provide information to the People regarding the treatment program that [he] was participating in." While the trial court may have ordered defendant to "continue to complete the terms of the military program," found him eligible for diversion, and granted the request for diversion at that hearing, it "did not set a termination date for the diversion on the record." It was not until the June 14, 2024, hearing, that the trial court entered an order that set the length of the diversion and established the conditions defendant would need to follow to the termination date to demonstrate compliance. Put differently, after the December 2023 hearing, defendant's rights and responsibilities under a diversion program remained unsettled. The parties did not have the complete picture of what the compliance conditions would be or the length of the diversion program until June 14, 2024.

9

Defendant suggests we should treat the December 6, 2023, order as final, because that is when the court granted diversion and the sufficiency of the evidence in support of diversion—and not the terms of diversion—is what the People take issue with here.  This argument is unpersuasive.  Rules favoring appeals of final judgments rather than interlocutory orders exist "[t]o avoid piecemeal appeals."  (*Kurwa v. Kislinger* (2017) 4 Cal.5th 109, 114; *Cuevas v. Truline Corp.* (2004) 118 Cal.App.4th 56, 60  ["A final, ordinarily single, judgment is a prerequisite to appealing from an action, its purpose to avoid piecemeal appeals"].)  While, as defendant notes, *Wright I* found "the order granting diversion is an appealable order," (*Wright I*, *supra*, 47 Cal.App.3d at p. 493) nothing in *Wright I* suggests that the trial court had left the terms of the *Wright I* defendant's diversion unsettled at the time the trial court entered the order from which the People appealed.  Here, the record shows there was more to be decided when the trial court initially granted diversion.

II

*The Showing Required Under Section 1001.80, Subdivision (b)*

A.    <u>Standards</u> <u>of</u> <u>Review</u>

We apply a de novo review in interpreting section 1001.80.  (See *People v. Gray* (2025) 109 Cal.App.5th 680, 683 ["The proper interpretation of a statute is a question of law we review de novo"].)  We review a determination that a defendant qualifies for diversion for substantial evidence.  (See *People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 887 [finding the substantial evidence test applies to a trial court's determination that a defendant meets the threshold requirements for section 1001.36 mental health diversion].)

B.    Section 1001.80 Eligibility

Under section 1001.80, subdivision (b), "[a] defendant charged with a misdemeanor is eligible for diversion if both of the following apply:  [¶]  (1) The defendant was, or currently is, a member of the United States military.  [¶]  (2)(A) The defendant may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of their military service.  [¶]  (B) The court may request, using existing resources, an assessment to aid in the determination that this paragraph applies to a defendant."

We note that at some point during these proceedings, the People argued the defendant failed to present evidence that he suffered from a substance abuse *disorder* arising from his military service.  But the statute does not require a showing of a disorder; it only requires a defendant to provide proof that the defendant at the time of his offense was suffering from *alcohol abuse.*  The People appear to have abandoned that argument in their appeal to this court.

Here, the People do not contest that defendant satisfies section 1001.80, subdivision (b)'s first requirement of being a former or current member of the U.S. Military.  Instead, they argue that defendant has failed to provide sufficient evidence to demonstrate that he meets the second requirement.  Here, to resolve this issue on the record before us, we consider (1) a defendant's burden of proof under the statute; and (2) what type of information the statute allows a defendant to rely on to satisfy that burden.

1.    Burden of Proof Under Section 1001.80

In their briefing, the People posited that to meet the second requirement for military diversion, a "defendant must show [such persons] . . . *are* . . . suffering from substance abuse or mental health problems as a result of their military service."  (Italics added.)

11

At oral argument in this court, the People asked us to look to *Segura v. Superior Court* (2025) 113 Cal.App.5th 1242 (*Segura*), which was published after the briefing was final in this appeal, to determine what section 1001.80, subdivision (b)'s second prong requires. We find that *Segura*'s reasoning is sound.

In *Segura*, *supra*, 113 Cal.App.5th at page 1256, et seq., the court focused on the use of the word "may" in section 1001.80, subdivision (b), to determine what a defendant must show to prove eligibility for diversion. The court found, "[b]ased on the plain language used in the statute . . . the word 'may' in section 1001.80 means that a defendant has the burden to show a *reasonable possibility* that he or she is suffering from a qualifying condition as a result of their military service, or a fairly low burden of proof." (*Id.* at pp. 1256, 1258.)

The *Segura* court stated this burden of proof is lower than the three common burdens of proof used in California which are listed in Evidence Code section 115— preponderance of the evidence, clear and convincing, and proof beyond a reasonable doubt. (*Segura, supra*, 113 Cal.App.5th at pp. 1257-1258.) And it cited case law that (1) implies that to meet this burden it is not necessary to prove that something " 'will probably result' "; and (2) found that a 10 percent chance an event would occur was sufficient to meet an obligation to show it was *reasonably possible* that event would occur. (*Id.* at p. 1258, citing *INS v. Cardoza-Fonseca* (1987) 480 U.S. 421, 440.)

The *Segura* court clarified that the term "may be" does not just apply to a defendant's burden to prove they suffer from substance abuse. (*Segura*, *supra*, 113 Cal.App.5th at p. 1258.) It applies to the entirety of the sentence in which the word appears, and, thus to the phrase, " 'as a result of their military service.' (§ 1001.80(b)(2)(A) [citations].)" (*Segura*, at pp. 1258-1259.) The court also signaled its agreement "that under section 1001.80 a trial court does not need to find that a qualifying condition is *solely the result of* a defendant's military service; rather, the court needs to

12

find that the qualifying condition is *related to* the defendant's military service." (*Id.* at p. 1251, fn. 3.)

The court found Legislative history supported its interpretation of the use of the word "may" in the statute. (*Segura*, *supra*, 113 Cal.App.5th at p. 1259.)

Thus, the *Segura* court concluded, "to be eligible for military diversion, a defendant has the burden to show that he or she '*may* be suffering from [a qualifying condition] as a result of their military service.' (§ 1001.80(b)(2) & (c)(2), italics added.) Consistent with the statute's plain language and its legislative history, we hold that by using the word 'may,' the Legislature intended to impose a lower 'reasonable possibility' burden of proof, thereby making it less burdensome for a veteran, or a member of the military, to establish their eligibility for pretrial military diversion." (*Segura*, *supra*, 113 Cal.App.5th at p. 1260.)

### 2.      Evidence to Satisfy the Reasonable Possibility Burden

Though we conclude the burden of proof is relatively low under the statute, it is not nonexistent. Moreover, we disagree with the appellate division's holding that hearings to determine section 1001.80, subdivision (b), eligibility for diversion in misdemeanor cases can proceed on "offers of proof, reliable hearsay, and argument of counsel when determining a defendant's eligibility."

"*Except as otherwise provided by law,* a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Evid. Code, § 500, italics added.) " 'Burden of proof' means the obligation of a party to establish by *evidence* a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 115, italics added.) " 'Evidence' means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." (Evid. Code, § 140.)

13

Statements of counsel are not evidence. (*Mills v. Vista Pools, Inc.* (1960) 184 Cal.App.2d 668, 672 ["Statements of counsel not under oath nor by way of stipulation or admission are not evidence"].)

Here, the appellate division of the superior court affirmed the trial court's decision by finding the trial court properly considered statements made by counsel. To justify this conclusion, the trial court looked to section 1001.36, subdivision (e), which governs proceedings on a request for mental health diversion.

The language the appellate division relied on is not contained in section 1001.80, subdivision (b). Nor does section 1001.80, subdivision (b), contain any other language that would lend itself to the conclusion that trial courts can rely on representations of counsel that are not evidence under the rules of evidence when deciding a motion for misdemeanor military pretrial diversion.

"Courts should refrain from ' "insert[ing]" additional language into a statute [because it] "violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes." ' [Citation.] 'Although we may partially rewrite a statute "when compelled by necessity and supported by firm evidence of the drafters" true intent [citation], we should not do so when the statute is reasonably susceptible to an interpretation that harmonizes all its parts without disregarding or altering any of them.['] [Citation.]" (*Lee v. Kotyluk* (2021) 59 Cal.App.5th 719, 732.)

Here, had the Legislature wanted to allow defendants to rely on statements of counsel or "offers of proof, reliable hearsay, and[/or] argument of counsel" to meet the defendant's burden of proof to demonstrate the defendant's section 1001.80, subdivision (b), eligibility, it could have said so. But the Legislature did not so provide.

We note the Legislature provided a pathway beyond the formal rules of evidence to assist the trial court in ascertaining eligibility: "[t]he court may request, using existing resources, an assessment to aid in the determination that this paragraph applies to a defendant." (Compare § 1001.80, subd. (b)(2)(B), with § 1001.36.) Because the issue is

14

not before us, we leave to another day the question of what information that assessment may rely on.

We do not agree with defendant's argument that section 1001.80, subdivision (c)(2)(C), permits the court to rely on counsel's statements.

Section 1001.80, subdivision (c)(2)(C), is contained in the subdivision governing pretrial military diversion in *felony* cases, and states, "[a] court may consider any relevant and credible evidence, including, but not limited to, a police report, preliminary hearing transcript, witness statement, statement by the defendant's mental health treatment provider, medical record, or record or report by qualified medical expert, that the defendant displayed symptoms consistent with the condition at or near the time of the offense." " 'When language is included in one portion of a statute, its omission from a different portion addressing a similar subject suggests that the omission was purposeful.' (*In re Ethan C.* (2012) 54 Cal.4th 610, 638 []; see *People v. Arriaga* (2014) 58 Cal.4th 950, 960 [] ['It is a settled principle of statutory interpretation that if a statute contains a provision regarding one subject, that provision's omission in the same or another statute regarding a related subject is evidence of a different legislative intent'].)" (*Lee v. Kotyluk, supra,* 59 Cal.App.5th at p. 730.) Section 1001.80, subdivision (b)(2), does not include similar language to subdivision (c)(2)(C), of the same statute.

It is unfortunate that the Legislature did not provide any clarity as to the information upon which a court may rely in determining misdemeanor military diversion cases, but absent absurd results, we are required to follow the statute as written. Perhaps the Legislature could provide the clarity missing from section 1001.80, subdivision (b) by incorporating therein the language set forth in section 1001.80 subdivision (c)(2)(C).

In any event, we conclude that the appellate division did not correctly interpret the type of information permitted under section 1001.80, subdivision (b), in considering defendant's eligibility under the statute by reading it as if the statute sets forth language that does not appear there.

The People argue that the trial court decided defendant was eligible for diversion and that it would exercise its discretion to allow diversion at the December 2023 hearing. The People argue that at that hearing defendant did not offer any admissible evidence that defendant suffered from alcohol abuse "as a result of [his] military service." The defendant does not appear to dispute that the trial court decided eligibility for diversion at the December 2023 hearing.

Additionally, it appears that when it affirmed the trial court's order granting diversion, the appellate division of the superior court also only considered the materials before the trial court at the December 2023 hearing. Thus, for purposes of this opinion, we assume that the only information the trial court had before it when it decided defendant was eligible for diversion was the *argument* of counsel at the hearing in December 2023.

But, as stated above, factual assertions by counsel are not sufficient to satisfy the evidentiary requirements necessary to support an order for diversion under section 1001.80. Because, on this record, it appears defendant presented insufficient evidentiary support regarding the cause of his purported substance abuse we must consider the proper remedy under the circumstances before us.

In *Segura*, *supra*, 113 Cal.App.5th at pages 1255-1256, the court remanded the matter to the trial court to "apply the correct legal requirements" and the "correct legal principles as to the burden of proof." Here it appears the superior court ruled without the evidence necessary to support an order for diversion. This was an error of law and consistent with *Segura*, we remand the matter to the trial court with directions to vacate its ruling and conduct a new proceeding including an evidentiary hearing consistent with this decision and *Segura*.

Finally, we note the People's statement at oral argument that their appeal was intended only to challenge the diversion order for lack of sufficient evidence and that the People would not object to diversion on a proper showing which, we further note, could

16

include a stipulation of counsel to the effect that the defendant is eligible for diversion under section 1001.80, subdivision (b).

DISPOSITION

We remand the case to the trial court with directions to reverse the order granting diversion and to conduct a new hearing applying the standards articulated here and in *Segura, supra,* 113 Cal.App.5th 1242.


_____/s/_____
HULL, Acting P. J.

We concur:


_____/s/_____
KRAUSE, J.


_____/s/_____
WISEMAN, J.*

---

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.